PEOPLE *v.* INGERSOLL.

1. Indictment and Information—Negligent Homicide—Charging Two Persons With Crime.

Under Act No. 175, Pub. Acts 1927, chap. 7, § 75, a motion to quash an information because it charged two persons with the crime of negligent homicide was properly denied and severance had, where one had been tried and acquitted.

2. Criminal Law—Waiving Trial by Jury—Court Rule Permitting Amendment of Court's Findings Not Applicable to Criminal Law.

Where defendant charged with negligent homicide waived his constitutional right to trial by jury, as permitted by Act No. 175, Pub. Acts 1927, chap. 3, § 3, and was convicted before the court, he was not entitled, under the provisions of Circuit Court Rule No. 45, to requested findings and to amendment of findings made, since such practice is not applicable to criminal cases.

3. Indictment and Information—Information Not Defective for Failing to Refer to Applicable Statute—Judicial Notice Taken of Applicable Statute.

An information charging the crime of negligent homicide was not defective because it failed to refer to the applicable statute by title, as permitted by Act No. 175, Pub. Acts 1927, chap. 7, § 57; said provision not being mandatory, and the court taking judicial notice of the applicable statute.

4. Same—Offense May be Set Forth in Single Count.

An offense may be set forth in a single count of an information, even though it include a lesser offense committed in the perpetration of the one charged.

5. Same—Two May be Charged as Principals in Negligent Homicide.

Two persons may be charged as principals in negligent homicide, since it is not a crime necessarily limited in commission to one person.

6. Homicide—Negligent Homicide—Motor Vehicles—Evidence—
Sufficiency.

In a prosecution of the owner of an automobile for negligent homicide under Act No. 98, Pub. Acts 1921, evidence that defendant allowed an inexperienced girl to drive it, that he accelerated it as they approached a bridge, that she lost control, that he took hold of the wheel, but could not avert a collision, and that decedent's death resulted, *held*, sufficient to sustain defendant's conviction.

Error to Gratiot; Hawley (Royal A.), J., presiding. Submitted October 12, 1928. (Docket No. 131, Calendar No. 33,898.) Decided January 7, 1929.

Charles Ingersoll was convicted of negligent homicide. Affirmed.

*Mathews & Greene,* for appellant.

*Wilber M. Brucker,* Attorney General, and *Kenneth B. Montigel,* Prosecuting Attorney, for the people.

Wiest, J. An information, filed in the Gratiot circuit, charged Charles Ingersoll and Mildred Snellenberger with the crime of negligent homicide. Mildred was tried and acquitted. When defendant Ingersoll, herein styled defendant, was brought to trial, he moved to quash the information, on the grounds that he had had no separate examination before a magistrate and the information was bad because it charged two persons with the commission of the crime, and, under the statute defining negligent homicide, only one person can commit the offense. The court denied the motion, and a severance was had. The criminal code (Act No. 175, Pub. Acts 1927, chap. 7, § 75), sustains the ruling upon the pleading. The other point will be taken up later.

Defendant waived a jury, and, upon trial before the court, was convicted, and prosecutes review by writ of error. At the trial defendant requested findings of fact, and findings were made, amendments thereto proposed and denied, and exceptions taken. No such practice prevails in criminal cases.

We are asked to extend the provisions of Circuit Court Rule No. 45 to the trial of criminal cases before the court without a jury, it being contended that unless this be done a defendant so tried will be deprived of adequate method of review. The Constitution, art. 2, § 19, accords to every accused the right of trial by jury, and the criminal code recognizes such right, but leaves it to an accused to have such trial or waive the right and be tried before the court. Section 3, chap. 3, Act. No. 175, Pub. Acts 1927, permits an accused to elect to be tried before the court without a jury, and requires the election to be in writing, signed by the defendant and filed and made a part of the record of his trial. In the writing the accused must state: "I fully understand that under the laws of this State I have a constitutional right to a trial by jury." The record shows that defendant waived the right of trial by jury in accordance with the quoted provision of the code. It may be that waiver of trial by jury bars review as broad as upon trial by jury, but this affords no reason for supplementing the code procedure by rules of civil procedure.

The information did not refer to the statute of negligent homicide by its title, and defendant contends that section 57, chap. 7, Act No. 175, Pub. Acts 1927, known as the criminal code, makes reference mandatory. That act provides:

"In pleading a statute or a right derived therefrom it is sufficient to refer to the statute by its title, or in any other manner which identifies the statute

and the court must thereupon take judicial notice thereof.''

It was not necessary to refer to any statute in the information in order to have the court take judicial notice of the law of the State. If the information charged an offense denounced by statute the court, of course, would take judicial notice of applicable law. Whatever the purpose of the quoted section of the criminal code, it does not require statutes to be specially pleaded in informations, except, possibly, in a negative sense. The information charged a single crime, and evidence that Mildred had no driver's license did not render the charge bad for duplicity. It is elementary that an offense may be set forth in a single count of an information, even though it includes a lesser offense committed in the perpetration of the one charged.

Five miles south of the village of Ithaca in Gratiot county, the north and south public highway, known as trunk line U. S. 27, crosses a creek, over a planked bridge 27 feet long and 16 feet wide in the clear. There are hills north and south from the bridge. Sunday morning, July 31, 1927, a minister, on his way to camp meeting, with members of his family and friends, in a Ford touring car, came down the hill to the north of the bridge. At the same time defendant and Mildred Snellenberger, with two friends in a Ford sedan, driven by Mildred, came down the hill to the south of the bridge. As the minister approached the bridge he slowed his car and turned to the west edge of the road. As Mildred approached the bridge she shut off the supply of gas, applied the foot brake to her car, evidently thinking she could not make the bridge ahead of the other car. Defendant was seated by her side, with his left arm over the back of the driver's seat, and stated that they could get across, reached over and

applied the gas, the car shot forward, Mildred was frightened by the sluing of the car in loose gravel, lost control thereof, defendant took hold of the steering wheel, prevented the car from striking the west rail of the bridge, by turning it quickly, but grazed the east rail and then went diagonally across the roadway to a point about 50 feet from the bridge to where the minister's car was close to the ditch and struck that car, tipped it over into the ditch and killed Eva Lehner, who was riding therein. Within the outline stated will now be mentioned specific acts showing defendant's negligence.

The evening before the accident defendant drove the Ford sedan to the city of St. Louis and from there, near midnight, accompanied by a young man and two young girls, drove to the city of Alma. At Alma, Mildred Snellenberger, one of the girls, wanted to drive the car, and defendant let her do so, after being informed that she had no driver's license and had never driven a Ford car or any other, except her father's Dort touring car on one occasion. Defendant placed the girl in control of the car, and occupied the seat beside her and she drove all night, visiting several towns and traveling in all about 125 miles. She was still driving as the car approached the scene of the accident and until defendant undertook control.

The statute under which the charge was laid provides:

"Every person who, by the operation of any vehicle at an immoderate rate of speed or in a careless, reckless or negligent manner, but not wilfully or wantonly, shall cause the death of another, shall be guilty of the crime of negligent homicide." * * * Act No. 98, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 15226 [2]).

Many errors are assigned, and we will mention such as merit discussion.

Two persons may be charged as principals in negligent homicide. *Story* v. *United States,* 57 App. D. C. 3 (16 Fed. [2d] 342, 53 A. L. R. 246). Negligent homicide is not a crime necessarily limited in commission to one person. In the *Story Case* writ of certiorari was denied by the Supreme Court, 274 U. S. 739 (47 Sup. Ct. 576). As said in the *Story Case:*·

"If the owner of a dangerous instrumentality like an automobile knowingly puts that instrumentality in the immediate control of a careless and reckless driver, sits by his side, and permits him without protest so recklessly and negligently to operate the car as to cause the death of another, he is as much responsible as the man at the wheel."

But in the case at bar it is said that the girl drove the car all night without difficulty and thereby demonstrated her ability to drive, and, this being known to defendant, he was not guilty of negligence in continuing to let her drive. The recklessness in letting her drive was demonstrated as soon as the girl was confronted with a situation not out of the ordinary. The girl did not know what to do, and lost control of the car, and it was such loss of control by her and defendant's attempt to assume control and his inability, at that point, to control that caused the collision and death. It would be strange, indeed, to hold the girl not responsible because, in her inexperience, she lost control of the car, and defendant also not responsible because he let her drive, and, when her want of experience brought a situation inviting disaster, he tried to avert a collision and could not do so. Defendant's automobile did not come down the highway and crash into the other car without human agency. It was a reckless disregard

of consequences for defendant to permit the inexperienced girl to drive at all and especially all night, and the very event that happened was one reasonably to be expected, or at least one to have been guarded against, by not affording means for its accomplishment. No court in a civil action would think of holding defendant not guilty of negligence.

Under the statute of negligent homicide, if defendant's negligence caused the death of a human being then he is guilty. Defendant's endeavors were no more than efforts to avert an accident made imminent by his own negligence. He killed Eva Lehner in trying to control the car when the incompetent driver he had intrusted with its operation lost control, and he is not to be judged only by what he then did, but upon all the facts and circumstances leading up to and ending in the killing. It was negligence on defendant's part to permit an inexperienced girl to drive the car as well as unlawful to let her do so without a driver's license, and also negligence, under such circumstances, to assume operation of the speed of the car by accelerating its motive power. At the time of the accident defendant held the steering wheel and was operating the car. The fact that the loose gravel, the inexperience of the girl and his act in accelerating the speed occasioned loss of control of the car by the girl, and defendant, in the emergency, took control and attempted operation to avoid the accident, cannot be held to excuse him from being held responsible for negligent homicide.

What we have said renders it unnecessary to discuss other assignments of error, for none call for reversal.

The conviction is affirmed.

NORTH, C. J., and FEAD, FELLOWS, McDONALD, and SHARPE, JJ., concurred. CLARK, J., concurred in the result. POTTER, J., did not sit.