Argued January 26, reversed and remanded April 18,
petition for rehearing denied June 6, 1956

# STATE OF OREGON *v.* DAVIS

296 P. 2d 240

528

*Joe B. Richards,* Deputy District Attorney for Lane County argued the cause for appellant. With him on the brief were Eugene C. Venn, District Attorney for Lane County and Edward Leavy, Deputy District Attorney for Lane County.

*Dan Givan,* Eugene, argued the cause for respondent. On the brief were Hale G. Thompson and Elmer Sahlstrom, of Eugene.

Before WARNER, Chief Justice, and ROSSMAN, LUSK, BRAND, LATOURETTE and PERRY, Justices.

BRAND, J.

On the 15th day of April, 1954, the grand jury of Lane county returned an indictment against defendant Joseph A. Davis, which reads as follows:

"The above named Joseph A. Davis is accused by the Grand Jury of the County of Lane, State of Oregon, by this Indictment, of the crime of Manslaughter committed as follows:

"The said Joseph A. Davis on the 28th day of February, 1954, in the County of Lane and State of Oregon, then and there being, did then and there engage in the commission of the unlawful act of driving a certain motor vehicle, to-wit: a 1949 Studebaker Sedan, bearing Oregon License number 504-911 upon a certain public highway to-wit: Highway 58, while under the influence of intoxicating liquor, and did engage in the further unlawful act of driving the said motor vehicle on said highway carelessly, heedlessly, and in wilful and wanton disregard of the rights and safety of others, without due caution or circumspection and at a speed and in such a manner so as to endanger or be likely to endanger the person or property of another, and while so engaged in the commission of said unlawful acts did then and there drive, move and run the said motor vehicle against, on and into the person and body of one Lester Anderson and also against, on and into the person and body of one Wilmer T. Rowley, and did thereby unlawfully and feloniously inflict and cause to be inflicted certain mortal injuries, wounds and contusions upon the said Lester Anderson and the said Wilmer T. Rowley, who as a result of said mortal injuries, wounds and contusions did each die in Lane County within one year thereafter and on the 28th day of February, 1954; contrary to the statute in such cases made and provided and against the peace and dignity of the State of Oregon."

On the 20th of April, 1954 defendant entered his plea of "Not guilty to the crime of manslaughter." On 15 July 1954 defendant demurred to the indictment on the following grounds:

"(1) It does not substantially conform to the requirements of ORS 132.510 to 132.570, 132.590, 132.610 to 132.690, 132.710 and 132.720;

"(2) More than one crime is charged in the Indictment;

"(3) The facts stated do not constitute a crime.

"Counsel certify that in their opinion, this Demurrer is well-founded in law and will rely upon 135.630 ORS, 483.992 ORS, 483.990 ORS, Article I, Sec. 11 Constitution of Oregon, Amendment Six Constitution of United States."

On 15 March 1955 the demurrer was overruled. On 16 March the court verbally sustained the demurrer. On 8 April a written order was filed sustaining the demurrer and the cause was referred back to the grand jury. On 11 May judgment on the demurrer was entered for the defendant. The State of Oregon appeals.

■ The defendant contends that this court is without jurisdiction because the appeal was not filed within the time provided by law. Under ORS 138.060 "The state may take an appeal to the Supreme Court from a judgment for the defendant on a demurrer to the indictment * * *." Under ORS 138.070 "An appeal must be taken within 60 days after the judgment or order appealed from was given or made." The judgment for the defendant on the demurrer was filed on 11 May 1955. The notice of appeal was filed on 10 June 1955 and was in ample time. There was no previous judgment. Neither the verbal order sustaining the demurrer nor the written order to the same effect

constituted a "judgment for the defendant on a demurrer" as the defendant appears to believe.

■ Defendant cites many cases in an attempt to convince this court that the appeal should be dismissed because no bill of exceptions was filed. The state has advised us that "Whether the facts alleged in the indictment sufficiently state a crime of manslaughter is the sole question upon this appeal." The ruling on the demurrer and the judgment entered are a part of the record herein as appears from the transcript. The sufficiency of the indictment is properly before us. *State v. Martin,* 54 Or 403, 103 P 512; *State v. Morgan,* 152 Or 1, 48 P2d 766, 52 P2d 186.

■ It is true that the transcript contains an order showing that a jury was sworn to try the case on the day before the court announced the decision to sustain the demurrer, but that fact is immaterial on the issue presented by the state. *State v. Berry,* 204 Or 69, 267 P2d 993.

■ We will now consider the sufficiency of the indictment. Reduced to its simplest terms, the indictment charges the felonious killing of Wilmer T. Rowley by striking him with an automobile, and alleges that the killing was committed while the defendant was engaged in the commission of two unlawful acts; first, driving while under the influence of intoxicating liquor, and second, driving carelessly, heedlessly and in wilful and wanton disregard of the rights and safety of others, without due caution or circumspection and at a speed and in such a manner as to endanger or be likely to endanger the person or property of another. The crime charged was the killing of a human being. The two unlawful acts were set forth for the purpose of characterizing the killing as manslaughter. If they served that purpose, then the indictment should not be con-

sidered as duplicitous. The situation would be similar to that which exists when one is indicted for murder in the commission of rape, arson, robbery or burglary. *State v. Evans,* 109 Or 503, 221 P 822; *State v. Merten,* 175 Or 254, 259, 152 P2d 942.

The statute under which the indictment was drawn reads as follows:

"Any person who drives any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, is guilty of reckless driving and shall be punished: * * *" ORS 483.992(1).

Paragraphs (1)(a) and (1)(b) relate to punishment. Paragraph (2) reads as follows:

"Any person who, while being an habitual user of narcotic drugs or while intoxicated or under the influence of intoxicating liquor or narcotic drugs, drives any vehicle upon any highway, street or thoroughfare within this state, shall be punished, upon conviction, by imprisonment in the county or municipal jail for not more than one year, or by fine of not more than $1,000, or both." ORS 483.992 (2)(a).

"If the death of any human being is caused by the negligent operation of any vehicle contrary to the sections listed in subsections (1), (2) and (3) of ORS 483.990, by any person while intoxicated or under the influence of intoxicating liquor or narcotic drugs, the operator of such vehicle shall be deemed guilty of manslaughter and, upon conviction, shall be punished as provided by the law relating to manslaughter." ORS 483.992 (2)(b).

The defendant contends that the code revisers have made a substantial change in the law, which, they say,

is fatal to the position of the state. We will now consider the change to which defendant refers. Our examination must begin with the Laws of 1931, Chapter 360. In that year the legislature enacted a comprehensive statute regulating traffic on highways and providing for enforcement of its regulations. Section 19(a) of that act was substantially identical to ORS 483.992(1), supra. Section 18(a) of the 1931 act was substantially the same as ORS 483.992(2)(a), supra. The slight change is unimportant for our present inquiry. Section 18(c) of the 1931 act is the counterpart of ORS 483.992(2)(b) but the 1931 act reads as follows:

"If the death of any human being shall be caused by the operation of any vehicle contrary to this act by any person while intoxicated or under the influence of intoxicating liquor or narcotic drugs, such operator of such vehicle shall be deemed guilty of manslaughter and, upon conviction, shall be punished as provided by existing law relating to manslaughter." Oregon Laws 1931, Ch 360, § 18(c).

The meaning and intent of the 1931 act is clear. When Section 18(c) provided that if death be caused by the operation of a vehicle "contrary to this act" while under the influence of liquor, it referred to any misconduct prohibited by the 1931 statute (this act). Driving under the influence of intoxicating liquor was "contrary to this act" under Section 18(a) and reckless driving was "contrary to this act" under Section 19(a). Thus the two unlawful acts set forth in the present indictment and which were inserted therein for the purpose of characterizing the killing as manslaughter would have been properly pleaded as a part of the charge of manslaughter if the indictment had been brought under a statute like the 1931 act.

The Laws of 1935, 1937 and 1951 made slight

changes in the wording of Section 18(a) of the 1931 laws. By the 1951 statute, Section 18(a) of the 1931 laws appeared as follows:

"It shall be unlawful and punishable as provided in subdivision (2) of this section for any person who is an habitual user of narcotic drugs or any person who is intoxicated or under the influence of intoxicating liquor or narcotic drugs to drive any vehicle upon any highway, street or thoroughfare within this state." Oregon Laws 1951, Ch 426, § 5, codified as OCLA, § 115-318.

It will be seen that there was no change of importance for present purposes as a result of the amendments.

There has been no change in the substantive provisions of Section 19(a) of Chapter 360, Laws of 1931. That section now appears as ORS 483.992(1), supra. The only substantial change with which we must be concerned is the one which was made in the Laws of 1931, Ch 360, § 18(c), which we have set forth supra.

■ Section 18(c) of the 1931 act was amended in 1937 to read as follows:

"If the death of any human being shall be caused by the negligent operation of any vehicle contrary to this act by any person while intoxicated or under the influence of intoxicating liquor or narcotic drugs, such operator of such vehicle shall be deemed guilty of manslaughter and, upon conviction, shall be punished as provided by existing law relating to manslaughter." Oregon Laws 1937, Ch 449 § 1(c), OCLA, § 115-318(c).

It will be observed that the 1937 change was the addition of the word "negligent" before the word "operation". The 1937 act repeated the words "contrary to this act" but it is clear that the use of the words "this act" when found in an amendatory act refer back

and apply to the original act as amended. *State v. Anderson,* 117 Kan 540, 232 P 238; *Henry v. McKay,* 164 Wash 526, 3 P2d 145. Consequently, under the 1937 act if the death was caused by negligent operation contrary to any of the provisions of the 1931 act while the actor was under the influence of intoxicating liquor, the crime was manslaughter.

The 1951 statute, Chapter 426, made no change in the 1937 definition of manslaughter quoted supra. It seems clear that an indictment charging a killing by the negligent operation of a vehicle while under the influence of intoxicating liquor would have constituted manslaughter under the law as it was after 1951 and before the adoption of ORS 483.992.

Referring back to ORS 483.992(2)(b) we see that the words "contrary to this act" were eliminated and in their place was written "contrary to the sections listed in subsections (1), (2) and (3) of ORS 483.990, * * *." The last-mentioned section lists some 200 separate sections and provides appropriate penalties. But the list does not include the criminal provision defining reckless driving, ORS 483.992(1), nor the provision defining the crime of driving while under the influence of intoxicating liquor, ORS 483.992(2)(a), both of which crimes are defined in the very same section which defines manslaughter, ORS 483.992. The situation appears to be as follows: Prior to the adoption of ORS 483.992, if the death of any human being was caused by the negligent operation of a vehicle contrary to the provisions of Section 19(a) of Chapter 360 Laws of 1931 (now ORS 483.992(1)) defining and punishing reckless driving, and the operator being then under the influence of intoxicating liquor, he would be deemed guilty of manslaughter and should be punished as provided by existing law relating to man-

slaughter. OCLA, § 115-318(3) as amended by Laws of 1951, Chapter 426, § 5.

Subsequent to the adoption of ORS 483.992, and considering that section only, it would appear that, if the death of a human being is caused by the negligent operation of a motor vehicle while the operator is under the influence of intoxicating liquor he is to be deemed guilty of manslaughter if, but only if, he operated the vehicle contrary to some section listed in ORS 483.990. Reckless driving as defined in ORS 483.992(1) is not one of the sections so listed; therefore, under 483.992 (2)(b) a person who violates the reckless driving section while under the influence of intoxicating liquor is not declared guilty of manslaughter by ORS 483.992-(2)(b), although he would be guilty of manslaughter if he merely violated the basic rule, ORS 483.102, or the right-of-way statute, ORS 483.202, or any other statute listed in ORS 483.990. From an examination of the statute in the light of its history it is perfectly plain that in the colossal task of revising the entire statutory law of Oregon, those charged with the task, by sheer inadvertence, failed to include the subsection defining reckless driving, ORS 483.992(1), in the list of sections designated in ORS 483.992(2)(b) and listed in ORS 483.990(1), (2) and (3). It is unthinkable that the legislature intended to punish a person under the manslaughter act if, being under the influence of liquor he killed someone while negligently violating any one of scores of traffic laws mentioned by reference in ORS 483.992(2)(b) and listed in ORS 483.990, but did not intend to invoke the punitive provisions of the manslaughter act for one who, while under the influence of liquor committed the offense of reckless driving as defined in ORS 483.992(1). Many violations of the traffic laws which are listed in ORS 483.990 are pun-

ishable by a fine of not more than $100 or imprisonment
for not more than 10 days, whereas the penalty for
reckless driving may be imprisonment for 90 days or
a fine of $500 or both.

 The first question before the court is whether
it is within the prerogative of this court to construe
ORS 483.992 as having the same meaning which the
statutes had before Oregon Revised Statutes were
adopted. The prosecutor calls attention to the pro-
visions of Oregon Laws 1949, Chapter 317, § 3, wherein
it was provided that the Statute Revision Council
"shall not alter the sense, meaning or effect of any
act * * *." The effect of the adoption of the re-
vised statutes received consideration in *State v. Hol-
land,* 202 Or 656, 277 P2d 386. In that case we set
forth the statutes and held that Oregon Revised Stat-
utes were adopted as law and not merely as evidence
of law. True, there is a presumption that the revision
does not change the law and is substituted in a con-
tinuing way for the previous enactments, but the pre-
sumption cannot control if the revision as adopted by
the legislature does clearly change preexisting law.
We agree that the legislative council had no authority
to change the substance of the law and that the legis-
lature cannot delegate the general lawmaking power.
But on enactment the revision becomes the product,
not of the revision council, but of the legislature. Our
duty "is not to insert what has been omitted." ORS
174.010; *Wadsworth v. Brigham,* 125 Or 428, 481, 482,
259 P 299, 266 P 875. We agree that "when the re-
vised and consolidated act re-enacts in the same or
substantially the same terms, the provisions of the
act so revised * * * the revision * * * shall be
taken to a continuation of the former act." But here
the revision was not in substantially the same terms.

We are dealing with a criminal statute and cannot extend its meaning by declaring an act criminal which is not so declared in the text.

The prosecution contends that the indictment states a crime under the general manslaughter act and should be held good under that act, even if it is not good under ORS 483.992(2)(b). The manslaughter act provides that:

"Any person who, in the commission of any unlawful act, or a lawful act without due caution or circumspection, involuntarily kills another, is guilty of manslaughter. The provisions of this subsection shall not apply to the killing of any person where the proximate cause of such killing is an act or omission defined as negligent homicide in ORS 163.090." ORS 163.040(2).

The indictment charges that the defendant was engaged in the unlawful act of reckless driving which is a crime under ORS 483.992(1). It also alleges that defendant was engaged in the unlawful act of driving a car while under the influence of intoxicating liquor, which is a crime under ORS 483.992(2)(a). The indictment also charges that defendant while in the commission of said unlawful acts killed another person. It would appear then that the indictment comes squarely within the provisions of ORS 163.040(2) unless his act was one which is defined as negligent homicide. The statute defining that crime is as follows:

"When the death of any person ensues within one year as the proximate result of injuries caused by the driving of any motor vehicle in a negligent manner, or by the driving of a vehicle or combination of vehicles which is defectively equipped or loaded, the driver knowing the vehicle or combination of vehicles to be defectively equipped or loaded, the person so driving such vehicle or combination of

540

vehicles is guilty of negligent homicide, and, upon conviction, shall be punished by imprisonment in the county jail for not more than one year, or in the state penitentiary for not more than three years, or by a fine of not to exceed $2,500, or by both fine and imprisonment." ORS 163.090.

Under ORS 163.040(2) the involuntary killing of another is punishable as manslaughter if the killing was done either (1) in the commission of an unlawful act, or (2) in the commission of a lawful act without due caution or circumspection. The exception contained in the manslaughter act, ORS 163.040(2) excludes from the scope of the more serious crime, acts defined as negligent homicide. Thus the negligent homicide statute serves a double purpose. It defines a lesser crime and provides punishment therefor. But it also carves out of the manslaughter statute certain conduct by a limited class of persons guilty of driving in a negligent manner or driving a defective vehicle with fatal results. We should not enlarge the scope or applicability of the negligent homicide statute for two reasons; first, because it is a criminal statute, and second, because to enlarge it by construction would narrow the clearly defined scope of the manslaughter act.

Examination of the negligent homicide statute discloses that the elements of the crime are driving a vehicle in a negligent manner and thereby causing the death of a person within one year. There is in that statute no reference to driving "in the commission of an unlawful act" or driving under the influence of intoxicating liquor. There is certaintly no intimation that driving in wilful and wanton disregard of the safety of others is negligent homicide.

A person who drives while under the influ-

ence of intoxicating liquor commits an unlawful act. The manslaughter statute makes an express distinction between (1) killing while in the commission of an unlawful act, and (2) killing while doing a lawful act without due caution or circumspection, which is the virtual equivalent of acting in a "negligent manner." *State v. Wojahn,* 204 Or 84, 282 P2d 675. Thus, the negligent homicide statute excludes from the manslaughter act the case of drivers who kill another while driving a motor vehicle in a negligent manner, that is, without due caution and circumspection, but it does not exclude from the manslaughter statute a person who, as operator of a motor vehicle, kills a person while in the commission of an unlawful act, namely, driving under the influence of intoxicating liquor. Nor does it exclude from the manslaughter act a person who, as an operator of a motor vehicle, kills a person while in the performance of the unlawful act of reckless driving, as defined by statute. ORS 483.992(1).

██ It will scarcely be argued that a killing in the doing of an unlawful act which is malum in se should be included within the purview of a statute which merely punishes a killing by the operation of a vehicle "in a negligent manner." Driving while intoxicated or while under the influence of intoxicants is malum in se. *State v. Boag,* 154 Or 354, 59 P2d 396. In any event, the defendant appears to be empaled upon the horns of a dilemma. If we include reckless driving while intoxicated within the prohibition of the negligent homicide act, then the indictment states that crime. If we do not include such conduct within the meaning of the negligent homicide act, then such conduct must remain within the purview of the manslaughter act. In addition to his contention, first, that the indictment states no crime, and second, that it states two crimes defend-

ant contends that it is void for indefiniteness. The sufficiency of the indictment under ORS 163.040(2), the manslaughter act, is clearly established by the decision of this court in *State v. Lockwood,* 126 Or 118, 268 P 1016. In that case the defendant was indicted, tried and convicted of the crime of involuntary manslaughter. The indictment charged that the defendant, while driving under the influence of intoxicating liquor, without due caution and circumspection and at such a speed as to endanger the life of a certain person, did involuntarily kill one Maynard Sawyer. The indictment was challenged on the same ground asserted here. Concerning the sufficiency of the charge relating to the operation of the car without due caution or circumspection, the court said:

"In the consideration of this cause, we must keep in mind the theory of the prosecution; i.e., that the defendant involuntarily struck and killed young Sawyer while she was engaged, not in a lawful act, but while in the commission of an unlawful act, which act is clearly specified in the charging part of the indictment. It is therefore unnecessary to set out with greater particularity the facts wherein she failed to use due caution and circumspection. This question was before our court in the case of State v. Miller, 119 Or. 409 (243 Pac. 72), and in disposing of the case Belt, J., speaking for the court, quoted with approval from the leading case of People v. Townsend, 214 Mich. 267 (183 N.W. 177, 16 A.L.R. 902), where the Supreme Court of Michigan wrote:

" 'The distinction between involuntary manslaughter committed while perpetrating an unlawful act not amounting to a felony and the offense arising out of some negligence or fault in doing a lawful act in a grossly negligent manner and from which death results must be kept in mind upon the question of pleading. In the former case it is sufficient

to allege the unlawful act with sufficient particularity to identify it and then to charge that as a consequence the defendant caused the death of the deceased, and there is no need to aver in detail the specific acts of the accused; but in case of manslaughter committed through gross or culpable negligence while doing a lawful act the duty which was neglected or improperly performed must be charged as well as the acts of the accused constituting failure to perform or improper performance.' ' '

See also, *State v. Cram,* 176 Or 577, 160 P2d 283; *State v. Smith,* 198 Or 31, 255 P2d 1076.

The defendant calls attention to the fact that upon the indictment is written the words " Code section: 483.992 Oregon Revised Statutes'', and argues that by reference to that section the state has made an election and cannot now rely upon a different statute. He argues further that defendant is entitled to know the nature and cause of the accusation against him. Defendant has confused the facts set forth in the indictment with the law governing those facts. The allegations of fact must apprise him of the acts with which he is charged. ORS 132.520(2). When the facts have been set forth with sufficient particularity and the indictment is tested by demurrer, the question is whether the indictment states any crime defined by statute. If it does, the demurrer must be overruled. Hence the admitted fact that the prosecution originally intended to proceed under ORS 483.992 would be immaterial if the indictment states a crime under ORS 163.040(2). *Capone v. United States,* 51 F2d 609; *Merrill v. State,* 42 Ariz 341, 26 P2d 110; *Williams v. United States,* 168 US 382, 42 L ed 509; *People v. Eger,* 299 Mich 49, 299 NW 803; *People v. Ingersoll,* 245 Mich 530, 222 NW 765; Wharton Criminal Pleading

and Practice, 9th ed, § 226; 42 CJS 1224, Indictments and Informations, § 222.

■ Defendant's contention that the indictment states more than one crime is without merit. The crime charged is the killing of a person. The recital of the unlawful acts of the defendant, in the course of which the killing occurred, were properly set forth to characterize the act of killing as manslaughter. See *People v. Mitchell,* 27 Cal2d 678, 166 P2d 10.

In *State v. Cram,* supra, 176 Or 577, 160 P2d 283, the defendant was indicted for manslaughter under OCLA, § 23-406 as amended by Laws of 1941, ch 439, § 1, now ORS 163.040 (2). The indictment alleged the commission of two unlawful acts, as did the indictment in the case at bar. The first was the act of reckless driving, i.e., driving "carelessly and heedlessly in wilful and wanton disregard of the rights and safety of others and without due caution or circumspection and at a speed and in a manner so as to endanger * * *." The second unlawful act alleged was driving under the influence of intoxicating liquor. The court said:

"* * * As a consequence of one or both of these unlawful acts, the decedent met her death. Both were properly included in the indictment as a basis on which to predicate the charge of manslaughter. State v. Laundy, supra; State v. Lockwood, supra; § 26-711, O.C.L.A."

See also, *Benton v. State,* 124 Neb 485, 247 NW 21; *State v. Boag,* supra. This decision was made after the manslaughter act had been amended, by carving out from its purview acts defined as negligent homicide, yet, the unlwful acts were properly included as a basis "on which to predicate a charge of manslaughter."

■■ In conclusion we hold that the indictment does not charge negligent homicide. It sufficiently sets

forth the commission of two unlawful acts; reckless driving and driving while under the influence of intoxicating liquor. It sufficiently alleges that while in the commission of said acts the defendant killed Wilmer T. Rowley. It thereby charges the crime of manslaughter in violation of ORS 163.040(2). Defendant was adequately advised of the nature and cause of the accusation against him. There was no violation of Oregon Constitution, Article I, § 11, nor was there any violation of the sixth amendment to the Constitution of the United States. The latter provision constitutes a limitation upon the power of the federal government only. 16 CJS, Constitutional Law, § 69a.

The trial court erred in sustaining the demurrer. The judgment is reversed and the cause remanded for further proceedings conformable to this opinion.