Argued May 3, affirmed May 25, petition for rehearing denied
July 13, stay of mandate allowed July 19, order for
mandate to issue November 22, 1966

## STATE OF OREGON *v.* BENJAMIN FRANKLIN BERRIAN

414 P. 2d 432

*Ronald L. Bryant,* Redmond, argued the cause for appellant. With him on the brief were Copenhaver & Larkin.

*Douglas A. Shepard,* District Attorney, Prineville, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

LUSK, J.

The defendant was convicted of negligent homicide and has appealed.

The sole assignment of error is based upon the fact that the court instructed the jury on gross negligence. The exception taken to the instructions was in these words:

> "Your Honor, the defendant excepts to the Court's submitting the issue of gross negligence to the jury as a separate issue on the grounds that there is no substantial evidence in the record which could support a finding of gross negligence, and the only question submitted should have been intoxication."

ORS 163.091, the statute under which the indictment was found, reads in pertinent part:

> "When the death of any person ensues within one year as the proximate result of injuries caused by:
> "(1) The driving of any motor vehicle * * * in a grossly negligent manner; * * *
> "the person driving such vehicle * * * is guilty of negligent homicide, * * *."

The evidence shows that on March 7, 1965, at about the hour of 8 p.m. the defendant was driving a Ford sedan south on Highway 26 and when about five miles north of Prineville his car collided with a Buick automobile being driven north in the northbound lane of traffic by Mrs. Jacqueline Ray Yobp and that Mrs. Yobp's death was thereby caused. The accident occurred on a straight level stretch of highway. There

is substantial evidence that the defendant was intoxicated and that immediately prior to the collision his car was driven erratically, weaving from one side of the road to the other and finally crashing into the other car on the wrong side of the road. We quote the following from the testimony of Bruce, the 10-year-old son of Mrs. Yobp, who was riding in the front seat of the car with his mother:

> "Well, I was sitting in the seat and I looked up and I saw some—some car lights and I saw them go back and forth across the road several times. And then they kept on getting closer, and it went over and then it went back on the other side (demonstrating), and then got real close and then it came back over on our side and hit us."

■■ Although the exception taken by counsel for the defendant was, in part, on the curious ground that "the only question submitted should have been intoxication," whereas the gravamen of the charge is gross negligence, the argument in the brief is directed solely to the sufficiency of the evidence of gross negligence. It is contended that the evidence shows no more than a "momentary inadvertence": *Bland v. Williams et al*, 225 Or 193, 196, 357 P2d 258. On the contrary, the jury could well have found that defendant's inability to control his car and keep it on the right side of the road and avoid a collision with the Yobp car was due to his intoxicated condition and, therefore, that he was driving "in a grossly negligent manner." If the defendant was intoxicated, that was a circumstance to be considered upon the ultimate question whether he was grossly negligent: *State v. Betts,* 235 Or 127, 131, 384 P2d 198. As we said in *Willoughby v. Driscoll,* 168 Or 187, 198, 120 P2d 768, 121 P2d 917 (overruled on

another point, *Cook v. Michael,* 214 Or 513, 524, 330 P2d 1026) :

> "If Harris was intoxicated, within the meaning of the statute, and by reason thereof went to sleep at the wheel, allowing the car to go off this high grade, it would seem, as a common-sense proposition, that he was guilty of gross negligence."

In the different circumstances of this case the foregoing language is fully applicable.

We find no error and the judgment is affirmed.