Argued June 9, affirmed September 9, petition for rehearing
` denied October 11, 1966, United States Supreme Court
dismissed May 10, 1967

# STATE OF OREGON, *Respondent, v.* CHARLES ELLSWORTH MONTIETH, *Appellant.*

417 P. 2d 1012

*Howard R. Lonergan,* Portland, argued the cause and filed briefs for appellant.

*Courtney R. Johns,* District Attorney, Albany, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, DENECKE and HAMMOND, Justices.

GOODWIN, J.

The defendant was indicted under ORS 163.091 (negligent homicide) after the automobile he was driving struck and killed a boy on a bicycle. The state put on proof that the defendant had been driving while

under the influence of intoxicating liquor. The jury found the defendant guilty, and he appeals.

Witnesses to the accident were behind the defendant's car. They saw only the boy's body flying through the air. Two boys on bicycles had been proceeding in single file along the right-hand shoulder of the highway, traveling in the same direction as the defendant's automobile. There was evidence from which the jury could have found that the cyclists were riding within a strip of pavement to the right of a white line painted three feet inside the right edge of the pavement. The defendant's automobile was apparently moving at a rate of speed consistent with that of other traffic on the highway, in a more or less straight line, and, so far as any witness could testify, in an unremarkable manner until it hit the victim. The defendant said he did not see the victim.

A number of witnesses who observed the defendant immediately after the accident testified that he appeared to be drunk. The state proved by a bartender and other witnesses that the defendant had consumed at least five highballs shortly before the accident. The defendant admitted that he had consumed several mixed drinks containing whisky, but he denied that he was in any respect influenced thereby.

The principal assignments of error relate to the question whether a conviction under an indictment charging gross negligence can be supported by proof that the driver was intoxicated.

One of the specifications of "gross negligence" in the indictment was as follows:

"* * * [A]nd by driving at a time when he was so affected by intoxicating liquor that he could not properly observe and heed other persons or conveyances upon said highway * * *."

The defendant asserts that the quoted language does not charge gross negligence, but the separate crime of driving under the influence of intoxicating liquor. He contends that only the sort of driving that would be reckless driving if performed by a sober person can constitute gross negligence.

■ The defendant argues further that drunken driving, with fatal result, is manslaughter. This being so, he says, the indictment charges both negligent homicide and manslaughter, and a duplicitous indictment is defective under ORS 132.560. The state contends, however, that there is no duplicity because the indictment makes it clear that only one of the possible crimes is being charged: that of driving an automobile in a grossly negligent manner (with fatal result). We agree with the state.

■ To reach this conclusion we necessarily hold that the state may elect to prosecute under ORS 163.091, the negligent-homicide statute, a drunken driver who causes the death of another person. We need not decide now whether the state may also elect to prosecute for manslaughter a motorist whose drunken driving causes the death of another person. See *State v. Davis*, 207 Or 525, 296 P2d 240 (1956). At the time *State v. Davis* was decided, the statute which defined both reckless driving and drunken driving, ORS 483.992, explicitly provided in subsection (2)(b) that the violation of certain sections of the traffic code would require a manslaughter conviction if human death resulted and if the violator was drunk at the time. We held in *Davis* that the failure to include reckless driving in the list of lesser offenses justifying manslaughter convictions when combined with drunk driving must have been a legislative oversight. That

conclusion was confirmed when in 1957 reckless driving was inserted in the statute.

Then in 1959 the Legislative Assembly repealed ORS 483.992(2)(b) entirely, which eliminated the direction to prosecute for manslaughter when death resulted from a violation of that subsection. At that time a grossly negligent driver causing death could be charged with negligent homicide under ORS 163.091. One possible interpretation of the 1959 repealer was that homicide resulting from drunk driving also, in the discretion of the state, could be prosecuted under ORS 163.091 as negligent homicide. From the number of recent automobile-homicide cases before this court in which drunken drivers have been charged with negligent homicide, it is apparent that many district attorneys have interpreted the 1959 repealer in that manner. We hold that such an interpretation is permissible.

■ In *State v. Wilcox,* 216 Or 110, 337 P2d 797 (1959), we held that ordinary negligence with fatal result would not be sufficient to sustain a conviction of negligent homicide. To be guilty of that crime, the driver had to be guilty of gross negligence. Later, we held that driving while drunk may be considered as evidence of gross negligence. See, e.g., *State v. Berrian,* 245 Or 77, 414 P2d 432 (1966); *State v. Betts,* 235 Or 127, 384 P2d 198 (1963). For a comprehensive discussion of gross negligence, see *Williamson v. McKenna,* 223 Or 366, 354 P2d 56 (1960), and see comment on *State v. Wilcox,* supra, in Linde, *Criminal Law—1959 Oregon Survey,* 39 Or L Rev 161 (1959).

The defendant in the case at bar insists that, by any test, the state's evidence proved only an act of ordinary negligence while the driver was intoxicated.

This, he contends, is not the equivalent of gross negligence.

The state contends that any act of negligence, if committed by a driver who is intoxicated, is gross negligence because driving while intoxicated is evidence of a reckless disregard for the rights of others. Other courts have tended to support this view. See, e.g., *State v. Long,* 186 SC 439, 195 SE 624 (1938); *Gonzales v. State,* 335 SW2d 385 (Tex Crim 1960); *Christie v. State,* 212 Wis 136, 248 NW 920 (1933). Such conduct does demonstrate the kind of indifference of the rights of others that will meet the gross-negligence test laid down in the *Wilcox* case. One who is considerate of the rights of others does not drive while he is drunk.

■ The indictment contained several specifications of negligence which the state contends amount to gross negligence. The state offered evidence, however, only of a failure of lookout at the time of the fatal collision. The state had alleged a failure of control as well. Lookout is closely related to control. *Rogers v. Green,* 241 Or 435, 406 P2d 553 (1965). The failure to see the cyclist, and the related failure of control which produced the fatal collision, without other evidence concerning the driver's state of mind, could not have gone to the jury as evidence of gross negligence against a sober driver. Such momentary inadvertence is usually characterized as ordinary negligence. See, e.g., *Williamson v. McKenna,* supra.

The case turns, therefore, upon the combined effect of the evidence of intoxication and the failure of lookout and related failure to control the defendant's automobile.

■ The jury might very well have inferred that the defendant's negligent driving, no matter how momen-

tary it may have been, was induced by intoxication. This inference could, therefore, support a conclusion that the driver was so heedless of the rights of others that he undertook to drive while he was intoxicated. While so driving, the jury could have found, he operated his automobile negligently and thereby killed the child.

■■ The obvious purpose of ORS 483.992(2) is to keep off the highways those drivers whose judgment, vision, reflexes, and ability to see and react have been impaired by drink. A driver so contemptuous of the law as to violate the drunk-driving statute demonstrates a reckless disregard for the rights of others. Where the state produces evidence of such driving, together with any act of negligence causing death, there is sufficient connection between the drunkenness and the negligence to constitute gross negligence.

Affirmed.