Argued and submitted January 26, reversed and remanded
for trial March 22, reconsideration denied April 29,
petition for review denied May 18, 1982 (293 Or 146)

## STATE OF OREGON,
*Appellant,*

*v.*

## GARY JOHN RODDA,
*Respondent.*

(No. 127,634, CA A22069)
(No. 127,635, CA A22101)
(cases consolidated)

642 P2d 364

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Bruce W. Williams, Salem, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Young, Judge, and Roberts, Judge Pro Tempore.

ROBERTS, J. Pro Tempore.*

---

*Appointed to Supreme Court February 8, 1982.

**ROBERTS, J.** Pro Tempore.

Defendant was charged with two instances of official misconduct in the first degree. ORS 162.415. The trial court sustained defendant's demurrers to the indictments, and the state appeals.

The language of the indictments alleges that defendant is the State Surplus Property Coordinator of the General Services of the State of Oregon and that he did

"* * * knowingly perform an act, to-wit: obtain without payment and give surplus property of the State of Oregon to Salem Academy, a private school, which act constituted an unauthorized exercise of his official duties, with intent to obtain a benefit, to wit: to provide without payment said surplus property to Salem Academy, a private school * * *"

and that he

"* * * did unlawfully and knowingly perform an act, to-wit: arranged to allow a bid to be made at a State of Oregon Surplus Property auction by a person who was not personally present at the auction, which act constituted an unauthorized exercise of his official duties, with intent to obtain a benefit, to-wit: to allow said person to bid at said auction without personally being present at the time of the auction * * *."

ORS 162.415 provides in pertinent part:

"(1) A public servant commits the crime of official misconduct in the first degree if with intent to obtain a benefit or to harm another:

"* * * * *

"(b) He knowingly performs an act constituting an unauthorized exercise in his official duties. * * *"

Definitions for ORS 162.415 are found in ORS 162.055, which provides:

"(1) 'Benefit' means gain or advantage to the beneficiary or to a third person pursuant to the desire or consent of the beneficiary. * * *"

Defendant argues that the statute:

"may reasonably be interpreted as follows: A public servant commits official misconduct in the first degree when he performs certain unauthorized acts with intent to obtain a benefit for another, *and* by performing such acts he also intends to obtain a benefit for himself." (Emphasis in original.)

Read most generously, the thrust of defendant's argument is that the indictments were insufficient in one of two ways: on the one hand, if a personal benefit to defendant is required for a violation of ORS 162.415, the indictments did not specify what those benefits were; on the other hand, if a benefit to a third party alone is sufficient, the indictments neglected to allege that this third party benefit was "pursuant to the desire or consent of the beneficiary." The trial court stated both these reasons in sustaining the demurrers.[1] We reverse.

■ Defendant bases his argument on the commentary to the Oregon Criminal Code of 1971, which provides, pertaining to ORS 162.415, that the offense is "first degree official misconduct if the public servant is motivated by obtaining a benefit for himself or causing injury to another." Oregon Criminal Code of 1971 109, § 215 (1975 ed). Defendant's error in relying on that commentary is found in the foreword to the volume itself. It cautions that, although the text of the statute sections appearing in the volume is taken from the 1973 version of Oregon Revised Statutes, the commentary "was written to explain *proposed* statutes * * *." Oregon Criminal Code of 1971, xviii. Both parties agree that the proposed draft of the official misconduct in the first degree statute, enacted in different form by Oregon Laws 1971 chapter 743, § 215, provided:

> "a public servant commits the crime of official misconduct in the first degree if with intent to obtain a benefit *for himself* or to harm another: * * *." (Emphasis supplied.)

The words "for himself" were deleted by the Senate Criminal Law and Procedure Committee before the final vote on

---

[1] The trial court, stating the reasons for its ruling, said first:

> "It seems to be clear from [ORS 162.415] what the statute prohibits which is for a public servant to either obtain a benefit *for himself* or to harm another." (Emphasis supplied.)

It concluded, however:

> "* * * if the benefit definition is insufficient to satisfy the statute in a situation like this, these indictments are defective by not alleging in some manner that it was with the desire and consent of the defendant to give *this beneficiary, a third person,* some gain or advantage. It may be that the indictments could be corrected or amended, or it may be that the statute being as specific as it is defeats this cause of action by the State." (Emphasis supplied.)

the bill by the full Senate.[2] By removing these words, the legislature intended to remove the requirement, for first degree official misconduct, that the benefit obtained be a personal benefit to the official. This also removes the conflict between the 1971 commentary to ORS 162.415, suggesting that the illegal benefit be one to the public official himself, and the commentary to ORS 162.055(1), which states:

> " 'Benefit' is defined to include any gain or advantage accruing to the actor *or to a third person* pursuant to his desire or consent. The words 'gain' and 'advantage' are to be given their ordinary dictionary meaning." Oregon Criminal Code of 1971, 83 § 182 (1975 ed). (Emphasis supplied.)[3]

---

[2] Defendant argues, nevertheless, that this does not evidence an intent on the part of the legislature to remove the requirement that a public servant act with intent to obtain a benefit for himself in order to commit official misconduct in the first degree. To the contrary, this is *exactly* the intent to be inferred from such action on the part of a legislative body. *State of Oregon v. Davis,* 207 Or 525, 538, 296 P2d 240 (1956); 2A Sutherland, Statutory Construction, 173, § 47.38 (Sands, 1973); *see Dilger v. School District 24CJ,* 222 Or 108, 112, 352 P2d 564 (1960).

Defendant relies heavily on statements in the committee minutes by Senator Jernsted, suggesting removal of the words "for himself" from the proposed statute because they were "redundant" in view of the definition of "benefit" provided in the portion of the bill which became ORS 162.055(1). Statements at committee hearings are of a dubious weight at best, *see* 2A Sutherland, *supra,* § 48.10, 48.14. In any event, these comments are entitled to no more weight than the comments of Senator Yturri, also cited by defendant, who, as the committee member first proposing removal of the words "for himself," urged deletion of the qualifying phrase on a different ground: that it *"distorted"* the definition of "benefit" included elsewhere.

[3] We note that the commentary uses the general word "actor" where ORS 162.055(1) uses the term "beneficiary." Defendant makes much of the statutory term, maintaining that if the official obtaining the benefit is defined as a "beneficiary," this implies that it is the official who must receive a benefit. It goes without saying that a person who receives a gain or advantage is a beneficiary, whether that person is the public servant or a third person. The legislature's use of the word "beneficiary" is therefore confusing only if we interpret the phrase "to a third person pursuant to the desire or consent of the beneficiary" to mean something other than "to a third person pursuant to the desire or consent of that third person." The commentary is of little help in resolving this point, because it is not clear whether the word "his" in the phrase "accruing to the actor or to a third person pursuant to *his* desire or consent" refers back to the previous noun "actor" or to "third person." The more logical construction is to read the statute to require the benefit be granted with the desire or consent of the acting party or public servant, the desire or consent of the third party being irrelevant to the culpability of the person subject to the statute. In the instance of ORS 162.415, however, this language is largely redundant, for ORS 162.415 requires that the public official act with the *intent* of obtaining the benefit.

If the construction of the statute were to be as defendant urges, then the acts of a public official who breaches a fiduciary duty to the state by making available property or opportunities to a third person, without receiving any personal benefit, amount to *no* offense, for official misconduct in the first degree would then encompass only action to obtain a personal benefit or to harm another; the offense in the second degree is limited to knowing violations of "any statute relating to" the public office held.[4]

■ Because, for a violation of ORS 162.415, it is sufficient that the public official act with the intent to obtain a benefit for himself or for a third person, it follows that the indictments were sufficient in alleging defendant acted with the intent to grant a benefit to Salem Academy and to the unnamed person who was permitted to bid at a surplus property auction without being present.

The orders granting defendant's demurrers and dismissing the indictments are reversed. The case is remanded for trial.

---

[4] ORS 162.405 provides: "A public servant commits the crime of official misconduct in the second degree if he knowingly violates any statute relating to his office." The cross-reference statute to ORS 586.250, neglect of duty by officers of the Department of Agriculture, and ORS 10.080, wrongful selection of a juror by a sheriff.