STATE OF OREGON, APPELLANT, v. CHARLES BROWN, RESPONDENT.

APPEALABLE ORDER.—An order to be appealable is one which not only affects a substantial right, but one which in effect determines the action.

NOTICE OF APPEAL.—When the State appeals in a criminal action, notice of appeal must be served upon the respondent in person, if he is a resident of the county, and also upon the clerk. If respondent is not a resident of the county, notice must be served upon his attorney and also upon the clerk, and the return should show that the respondent is not a resident of the county.

APPEAL from Lane County.

This cause came on to be heard in this Court upon a motion to dismiss the appeal made by the respondent's counsel, for the reason that the transcript exhibits no judgment made and entered in the court below, and for the further reason that the notice of appeal has not been served as by law required. The return upon the notice of appeal is as follows: "I hereby certify that I served the within notice of appeal upon J. A. Stratton, the attorney for the within named defendant, and upon Joel Ware, clerk of said Circuit Court, on the 7th day of February, 1873, in Lane County, and State of Oregon, by delivering to each of them a copy of the within notice, certified by me to be true copies thereof." Dated and signed in the usual manner.

*Boise & Willis*, for the motion.

*F. A. Chenoweth*, contra.

By the Court, MCARTHUR, J.:

The record shows that Brown, the respondent, was indicted in the Circuit Court of the State of Oregon for the County of Lane, on December 10, 1872, for the crime of larceny in a

shop. He was duly arraigned, and after arraignment his counsel filed a general demurrer to the indictment, which, after argument of counsel and due consideration by the court, was sustained, and the following entry in relation thereto was made in the journal of said court: "At this time the demurrer filed in this cause by defendant's attorney, J. A. Stratton, Esq., and argued on the 11th inst., was by the court at this time sustained, to which ruling of the court the district attorney, F. A. Chenoweth, then and there excepted." This entry is of date December —, 1872. Further than this there appears to have been no action taken by the court below, and the appeal is from this naked order sustaining the demurrer. There was no judgment dismissing the indictment and discharging the defendant, and as there was no trial had and no verdict against the defendant, there was no judgment of conviction under the indictment. Upon this state of facts the question arises, Is the order above set forth an appealable order? The question must be answered in the negative. An order to be appealable must be one not only affecting a substantial right, but one which, in effect, determines the action. It cannot, with any show of reason, be claimed that an order merely sustaining a demurrer necessarily determines the action, for upon such order some further action must be taken by the court before it can possibly be held to be final. There must be a judgment in the technical sense of the word on the demurrer; and this view is strengthened and fortified by subdivision 1 of § 227 of the Criminal Code.

In relation to the service of the notice of appeal, the Criminal Code, § 232, requires that if the appeal be taken by the State, as in this case, the notice must be served upon the defendant if he be a resident of or imprisoned in the county. The return of the sheriff shows that the notice in this case was served on J. A. Stratton, the attorney for the respondent, and upon Joel Ware, the clerk of the Circuit Court aforesaid. It does not show that the respondent was served with the notice, neither does it show that he was not a resident of the said county, or that he could not be found therein. In order to give this Court jurisdiction the return

on the notice of appeal should show that the same was served upon the clerk and the respondent, or that it was served upon the clerk; that the respondent could not, after due and diligent search, be found in the county, and that it was served upon the respondent's counsel. It follows that the motion should be allowed and this appeal be dismissed. It is so ordered.

Appeal dismissed.                .