Submitted on motion to dismiss appeal February 23, denied March 10, 1954, argued February 2, reversed April 13, 1955

# STATE OF OREGON *v.* BERRY AND WALKER
## STATE OF OREGON *v.* BERRY
## STATE OF OREGON *v.* WALKER

267 P. 2d 993
267 P. 2d 995
282 P. 2d 344
282 P. 2d 347

*E. F. Bernard,* of Portland, for the motion.

*John B. McCourt,* District Attorney for Multnomah County, and Charles E. Raymond and J. Raymond Carskadon, Deputy District Attorneys for Multnomah County, of Portland, contra.

LUSK, J.

This is a motion by the defendant Thomas G. Walker to dismiss an appeal taken by the state from a judgment of acquittal in a criminal action.

The defendant was indicted jointly with Richard L. Berry for a violation of Oregon Laws 1941, ch 439 § 3 (now ORS 163.090, as amended by Oregon Laws 1953, ch 676), which defines the crime of ''negligent homicide'', and was tried separately. Before the completion of the state's case in chief his counsel interposed the following motion:

''MR. BERNARD: May it please your Honor, at this time the defendant will object to the introduction of any further evidence in this case on the ground that the statute under which this indictment is drawn, being 23-410A Chapter 439, that the law of Oregon for 1941 is void in that it is too indefinite, uncertain and vague to apprise a person as to what acts are prohibited; that it is invalid and contrary to Section 11, Article 1 of the Oregon Constitution; that it further contravenes the Fourteenth Amendment to the Constitution of the United States in that it subjects a person to prosecution under an indefinite statute and thereby depriving

him of due process of law under the Fourteenth Amendment.

"I object to the introduction of any evidence on the further ground that the indictment itself does not state the facts sufficient to constitute an offense."

The court sustained the motion in the following language:

"* * * the Court is sustaining the demurrer to the indictment on the ground that it is unconstitutional, also sustaining the demurrer to submission of evidence. The indictment does not constitute crime."

The court thereupon directed the jury to find the defendant not guilty, and, upon the verdict so returned, judgment of acquittal was entered. The ground of the motion to dismiss is that an appeal by the state from such a judgment is not authorized by statute. The pertinent provisions of ORS are the following:

138.020. "Either the state or the defendant may as a matter of right appeal from a judgment in a criminal action in the cases prescribed in this chapter, and not otherwise."

138.060. "The state may take an appeal to the Supreme Court from a judgment for the defendant on a demurrer to the indictment or from an order of the court arresting the judgment."

135.610. "The demurrer shall be put in, in open court, either at the time of the arraignment or at such other time as may be allowed to the defendant for that purpose."

135.620. "The demurrer shall be in writing, signed by the defendant or his attorney and filed. It shall distinctly specify the ground of objection to the indictment or it may be disregarded."

135.630. "The defendant may demur to the indictment when it appears upon the face thereof that: * * *

"(4) The facts stated do not constitute a crime."

135.640. "When the objections mentioned in ORS 135.630 appear upon the face of the indictment, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the indictment, or that the facts stated do not constitute a crime, may be taken at the trial, under the plea of not guilty and in arrest of judgment."

We think that the motion to dismiss is not well taken. The objection to the introduction of further evidence on the grounds that the statute on which the prosecution was based is unconstitutional and that the indictment did not state facts sufficient to constitute a crime is in effect a demurrer upon the latter ground. *City of Portland v. Stevens,* 180 Or 514, 522, 178 P2d 175. The right of the state to appeal granted by ORS 138.060 is not limited to those cases in which a demurrer in writing is filed pursuant to §§ 135.610 and 135.620. The objection of the defendant to the introduction of testimony served precisely the same purpose as a demurrer, namely, to challenge the sufficiency of the indictment. The intention of § 138.060 is to authorize the state to bring to this court the question of the correctness of the court's ruling sustaining such a challenge. If this were not so the defendant could cut off the state's right of appeal by the simple expedient of postponing the attack on the indictment until after a jury had been impaneled and the state had called a witness to the stand. We cannot believe that the statute is so limited in its meaning.

So far as we are advised, there are no decisions passing directly on the question. But in *State v. Rickenberg,* 58 Utah 270, 198 P767, the court, acting under a statute like ours, entertained the state's appeal and

reversed the judgment in a case in which the question of the sufficiency of the indictment was raised on the trial by the defendant's objection to the introduction of testimony, just as was done in the present case. The court treated the objection as a demurrer to the indictment. In *State v. Kruger,* 34 Nev 302, 122 P 483, the record disclosed, according to the court's opinion, that the demurrer "was not interposed until upon the trial after the state had offered its evidence and rested." Nevada authorizes an appeal by the state from a judgment for defendant on demurrer to the indictment and also has a statute similar to ORS 135.640 permitting the objection to the jurisdiction of the court over the subject of the indictment or that the facts stated do not constitute a crime to be taken at the trial under the plea of not guilty. In the case cited the court took jurisdiction of an appeal by the state from an order sustaining the demurrer and reversed the judgment.

In our opinion any procedure by which the defendant is permitted to challenge the indictment because it does not state facts sufficient to constitute a crime, is in effect a demurrer to the indictment, and ORS 138.060 was intended to apply whenever such procedure is invoked and the circuit court sustains the challenge and enters a judgment discharging the defendant.

The motion is denied.

*Wayne A. Williamson* and *Mautz, Souther, Spaulding, Denecke & Kinsey,* of Portland, for the motion.

*John B. McCourt,* District Attorney for Multnomah County, and Charles E. Raymond and J. Raymond Carskadon, Deputy District Attorneys for Multnomah County, of Portland, contra.

LUSK, J.

This is a motion by the defendant Richard L. Berry to dismiss an appeal taken by the state from a judgment of acquittal in a criminal action. The defendant was indicted jointly with Thomas G. Walker for violation of Oregon Laws 1941, ch 439 § 3 (now ORS 163.090, as amended by Oregon Laws 1953, ch 676), which defines the crime of "negligent homicide", and was tried separately.

As in the trial of Walker, the defendant Berry objected to the introduction of evidence by the state because the indictment was insufficient. The grounds assigned in support of the motion were the same as in the Walker case, and the court sustained the objection and directed a verdict of acquittal.

The motion to dismiss presents the identical question this day decided in the Walker case. For the reasons stated in our opinion in that case the motion is denied.

ON THE MERITS

*Nathan Ail,* Deputy District Attorney for Mult-
nomah County,

*Jonathan Edwards* argued the cause for respondents.

ROSSMAN, J.

This is an appeal by the state from a judgment in favor of the defendant, Thomas G. Walker, which the circuit court entered after it had directed a verdict in his favor. The indictment charged the defendant-respondent with the crime of negligent homicide as that offense is defined in ORS 163.090. It named as co-indictee Richard L. Berry.

The state submits two assignments of error. The first contends that the circuit court erred when it ruled that the negligent homicide statute violates Article I, section 11, Constitution of Oregon, and the Fourteenth Amendment (due process) to the Federal Constitution. The second assignment of error challenges the circuit court's ruling that the indictment does not charge the defendant with the commission of a crime.

ORS 163.090 was amended, after the return of the indictment, in this case, by Oregon Laws 1953, ch 676, § 2. The material part of ORS 163.090 follows:

"When the death of any person ensues within one year as the proximate result of injuries caused by the driving of any motor vehicle in a negligent manner, * * * the person so driving such vehicle * * * shall be guilty of negligent homicide, * * *."

The indictment reads:

"The said RICHARD L. BERRY and THOMAS G. WALKER on the 22nd day of November, A. D. 1952, in the County of Multnomah and State of Oregon, then and there being, upon Northeast 49th

Avenue and Northeast Broadway Street, then and there being intersecting public thoroughfares within the corporate limits of the City of Portland and in the County of Multnomah and State of Oregon, then and there being, the said defendant, Richard L. Berry, having as his passenger, one Marlene A. Berry, did unlawfully, feloniously and in a negligent manner operate an automobile in a southerly direction along said Northeast 49th Avenue, when the same came into collision with an automobile being then and there unlawfully, feloniously and in a negligent manner operated by the defendant, Thomas G. Walker, in an easterly direction along said Northeast Broadway Street;

"That the said defendant, Richard L. Berry, was then and there operating his automobile at said time and place in a negligent manner in the following particulars, * * *."

At that point the indictment sets forth these specifications of its charge of negligence: (a) failure to maintain a lookout; (b) failure to keep car under control; and (c) excessive speed. Next, the indictment avers:

"That the said defendant, Thomas G. Walker, was then and there operating his automobile at said time and place in a negligent manner, in the following particulars, * * *."

That charge is followed by three specifications which are duplicates of those offered against the defendant Berry. The indictment continues in this vein:

"And that the said negligent driving of the defendant Richard L. Berry and of the defendant Thomas G. Walker, and each of them, concurred and proximately caused the collision between their two automobiles as heretofore set forth and as a proximate result of the said concurrent negligent driving of the said defendants, Richard L. Berry, and Thomas G. Walker, and each of them, the said Marlene A. Berry, a human being, sustained bruises, lacerations, contusions and fractures as a proxi-

mate result of which the death of the said Marlene A. Berry ensued within one year thereafter, * * *.''

To the indictment each defendent pleaded not guilty. Pursuant to a motion made by each defendant, and obedient to the demands of ORS 136.060, each was granted a separate trial.

After his trial had begun, but before the state had completed the presentation of its case in chief, the defendant-respondent Walker objected to the introduction of further evidence upon the grounds that (1) the negligent homicide statute is invalid; and (2) ''the indictment itself does not state the facts sufficient to constitute an offense.'' The objection was sustained and the presiding judge directed the jury to return a verdict of not guilty. Based upon the directed verdict, the court entered a judgment of acquittal. Presently the state gave notice of appeal and thereupon the defendant moved to dismiss the appeal. The court ruled that the defendant's aforementioned motion was, in effect, a demurrer to the indictment and that the court's action thereon warranted the state's appeal. The motion to dismiss was denied.

The foregoing narrative brings us to the assignments of error.

■ The first assignment of error challenges the ruling which held that the negligent homicide statute violates Article I, section 11, Constitution of Oregon, and the due process clause of the Fourteenth Amendment. *State v. Wojahn,* this day decided by us, sustained the negligent homicide statute against attacks upon it which were the exact counterpart of those submitted in this case. For the reasons given in that opinion we are satisfied that the statute is valid.

■ We come now to the second assignment of error which challenges the sufficiency of the indictment. The defendant's position appears to be that since the state

does not claim that any concert of action occurred between the two motorists, a joint indictment of them should not have been rendered. The subject matter of the defendant's contention is discussed in Orfield, Criminal Procedure from Arrest to Appeal 262 and 316.

■ Some crimes, such as drunkenness, rape and perjury, can be committed by only one person at a given time, if no account is taken of abettors and accomplices. But the crime charged to the defendant is one which more than a single person may commit at a given time. In fact, it is likely that the collision of two or more cars, each driven negligently, is often a cause of death.

■ Although the indictment under scrutiny names two defendants, it charges only one crime. *State v. Blackley,* 191 Wash 23, 70 P2d 799, and *State v. Coffman,* 171 Or 166, 136 P2d 687.

ORS 135.630 says:

"The defendant may demur to the indictment when it appears upon the face thereof that:

"(1) The grand jury by which it was found had no legal authority to inquire into the crime charged because the same is not triable within the county;

"(2) It does not substantially conform to the requirements of ORS 132.510 to 132.570, 132.590, 132.610 to 132.690, 132.710 and 132.720;

"(3) More than one crime is charged in the indictment;

"(4) The facts stated do not constitute a crime; or

"(5) The indictment contains any matter which, if true, would constitute a legal justification or excuse of the crime charged or other legal bar to the action."

In view of the fact that the sections of our laws which are designated in subdivision (2) of ORS 135.630 are concerned principally with the phraseology or form of the indictment, we do not believe that the defendant, in support of his demurrer, depends upon any of those sections. None of them warrants a belief that misjoinder of parties-defendant is a ground for demurrer.

It will be noticed that the indictment avers that the defendant Walker operated his car negligently, that it specifies the particular acts of negligence which are attributed to him and that it affirms that the negligence of the defendant Walker and that of his co-indictee Berry "concurred and proximately caused the collision between their two automobiles  *  *  * as a proximate result of which the death of the said Marlene A. Berry ensued within one year thereafter." According to Shearman and Redfield on Negligence, Rev Ed, § 39:

"There may be more than one proximate cause of an accident, if each of the causes asserted can be seen to have been an efficient one, without which the injury resulting would not have been sustained. If the negligent acts of two or more persons concur in contributing to an accident, the injured person may hold them jointly and severally liable.

"Where concurrence in causes is charged, the test is, simply, could the accident have happened without their cooperation? 'Guilty or responsible concurrence in causing an injury involves the idea of two or more active agencies co-operating to produce it; either of which must be an efficient cause, without the operation of which the accident would not have happened. . . . In every such case, the question is what was the proximate cause of the occurrence and, if concurrence in negligence is claimed, were the acts or omissions of the parties so closely related and co-operative as to make either a probable and an efficient cause? Could it be said

of each cause that without its operation the accident would not have happened?'

"The mere fact that some other cause operated with the negligence of the defendant to produce the injury complained of does not relieve the defendant from liability. If the damage is caused by the concurring force of the defendant's negligence and some other cause for which he is not responsible, whether such other cause be of human origin or act of God, defendant is nevertheless responsible if his negligence is one of the proximate causes of the damage."

The foregoing principle is employed in this state: *Aune v. Oregon Trunk Railway,* 151 Or 622, 51 P2d 663; and *Dunn v. First National Bank,* 149 Or 97, 39 P2d 944.

ORS 132.540(1) says:

"The indictment is sufficient if it be understood therefrom that:

\* \* \* \* \*

"(f) The act or omission charged as the crime is clearly and distinctly set forth in ordinary and concise language, without repetition, in such a manner as to enable a person of common understanding to know what is intended and with such a degree of certainty as to enable the court to pronounce judgment, upon a conviction, according to the right of the case."

If an indictment charged two or more persons with a crime which only one person can commit at a given time, a demurrer to the indictment would present the problem of determining, if possible, which of the two or more was accused; but since the crime under scrutiny may be committed by two or more persons, and since the indictment charges this defendant with (1) negligence and (2) a death as the proximate result of his negligence, we are satisfied that the indictment charges a crime. By reverting to the provisions of ORS 135.630, it will be noticed that it does not state that misjoinder

of parties is a basis of demurrer. Section 185 of the Code of Criminal Procedure, written by the American Law institute, says:

"No indictment or information shall be invalid for any one or more of the following defects merely: (a) That there is a misjoinder of the parties defendant."

Since more than one can upon a given occasion commit the crime of negligent homicide, the fact that more than one is named does not indicate any infirmity in the indictment. We are of the opinion that the demurrer should not have been sustained. Error was committed when the order was entered.

The judgment of the circuit court is reversed.

*Nathan Ail*, Deputy District Attorney for Multnomah County,

*Jonathan Edwards* argued the cause for respondents.

ROSSMAN, J.

This is an appeal by the State of Oregon from a judgment in favor of the defendant, Richard L. Berry,

which the circuit court entered after it had directed a verdict in his favor. The indictment charged the defendant with the crime of negligent homicide, as that offense is defined in ORS 163.090, and named as co-indictee Thomas G. Walker. The indictment against the two men is copied in *State v. Walker,* this day decided by us.

The procedure employed in the circuit court in this case parallels that which was employed in *State v. Walker,* supra. The same assignments of error are submitted in this case as in the other. The defendant-respondent Berry and his co-indictee Walker joined, upon appeal, in the same brief. In short, the issues in the two cases are the counterparts of each other.

In *State v. Walker,* supra, we held that the circuit court erroneously directed a verdict for the defendant and that it further erred when, based upon the directed verdict, it rendered judgment in his favor. For the reasons stated in that opinion, we believe that the circuit court erred when it directed a verdict in favor of defendant-respondent Berry and entered judgment for him.

The judgment of the circuit court is reversed.