Motion to dismiss appeal submitted July 26, denied September 26, argued October 30, 1962, reversed and remanded January 23, petition for rehearing denied February 20, 1963

## STATE OF OREGON *v.* CLORAN

374 P. 2d 748
377 P. 2d 911
378 P. 2d 961

Harold Banta, Baker, for the motion.

Jesse R. Himmelsbach, Jr., District Attorney for Baker County, Baker, contra.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

ROSSMAN, J.

This cause is before us upon a motion of the defendant (respondent) for an order dismissing the appeal undertaken by the state (appellant). The appeal challenges an order entered April 26, 1962, by the circuit court for Baker County which arrested the entry of judgment in this case. The latter is based upon an indictment, returned by the grand jury of Baker County, which charged the defendant with the crime of perjury. Before the defendant moved to arrest judgment a jury had returned a verdict of guilty. The defendant, in support of his motion to dismiss the state's appeal, argues (1) an order in arrest of judgment, as authorized by ORS 136.810 to 136.840, is intermediate and, therefore, not final as that term is defined in *State v. Brown,* 5 Or 119, and (2) since the court in this case upon arresting judgment did not order the defendant's discharge from custody but directed the sheriff to retain him to abide a new indictment in the event one was returned, those circumstances indicate further that the order which the state wishes to challenge is not final.

March 10, 1959, after a trial in the circuit court for Baker County upon an indictment, which the state claims charged the defendant in proper form with the felony of perjury, the jury returned a verdict of guilty. Immediately following the filing of the verdict a jury, acting under our Habitual Criminal statute, returned another verdict that found the defendant was the individual who had been adjudged guilty on previous occasions of three other crimes as claimed by the state. One of these other purported crimes, according to the state, was a felony which was committed in Oregon. The other two were committed, so the state claims, in other jurisdictions. The state contends that

both of them were felonies within the purview of our laws.

April 28, 1959, the circuit court entered judgment which adjudged the defendant guilty of the crime of perjury and sentenced him to life imprisonment. June 15, 1959, the defendant gave notice of appeal. In that manner there was begun a series of legal stratagems which included two appeals to this court (apart from the one at bar), a proceeding for a writ of habeas corpus, and a proceeding for post-conviction relief.

In the post-conviction proceeding the circuit court for Marion County entered a judgment order on October 13, 1961, which recited and ruled:

"(1) That defendant's Demurrer to plaintiff's [Cloran's] first and third causes of action was previously sustained by the Court and that trial was had on the issues presented by plaintiff's second cause of action.

"(2) That the prior conviction of crime against the plaintiff in the Federal District Court of Idaho was for the crime of Theft from Interstate Commerce and that said conviction was not such as would be a prior conviction of felony within the meaning of the Oregon Habitual Criminal Statute as it existed at the time of the trial of plaintiff in the Baker County Circuit Court.

"(3) That said prior conviction would not therefore support or justify a habitual criminal finding or sentence against plaintiff and that therefore the habitual criminal proceedings against plaintiff, and the sentence imposed pursuant thereto, in the Baker County Circuit Court are void and invalid in their entirety * * *.

"(4) That, by virtue of the above finding and disposition there is no necessity for this Court to decide any further questions raised by plaintiff's second cause of action.

"Wherefore, it is hereby ordered and adjudged that Judgment be entered herein against the plaintiff (Ray Cloran) and in favor of the defendant (Warden Gladden) on defendant's Demurrer to plaintiff's first and third causes of action."

The judgment order vacated the sentence of life imprisonment as void and remanded Cloran (the defendant in the case at bar) to Baker County "for further proceedings in accordance with this judgment."

March 29, 1962, Cloran filed the motion in arrest of judgment which we have mentioned and which underlies the cause at bar. It stated, in the words which we now quote, the issue which it submitted:

"* * * upon the ground and for the reason that the facts stated in the indictment upon which said verdict was based do not constitute a crime."

April 26, 1962, the Circuit Court for Baker County sustained the motion in arrest of judgment by an order which declared:

"* * * the facts stated in the indictment returned by the grand jury on December 19, 1958, and seeking to charge the defendant with the crime of perjury, do not constitute a crime, and it is therefore ordered that the jury's verdict dated March 10, 1959, purporting to find him guilty as charged in the indictment, is vacated and held for naught, and that no judgment be rendered thereon, and the said indictment is hereby in all things set aside and the defendant is restored to the same situation in which he was before the said indictment was found."

The defendant was not, as we have noted, discharged from custody, but was held, as permitted by ORS 136.830, to await a new indictment if one was returned.

The district attorney did not resubmit the case to the grand jury but appealed. The defendant contends that an appeal cannot be taken from an order which arrests the entry of judgment.

■ ORS 138.060 provides:

"The state may take an appeal to the Supreme Court from a judgment for the defendant on a demurrer to the indictment or from an order of the court arresting the judgment."

It will be noticed that if the appeal is taken from the disposition of the cause which the court makes in sustaining a demurrer to the indictment the state must see to it that judgment is entered before notice of appeal is given. An order which sustains a demurrer is not final and cannot support an appeal: *State v. Davis*, 207 Or 525, 296 P2d 240; *State v. Berry and Walker*, 204 Or 69, 267 P2d 993, 267 P2d 995, 282 P2d 344, 282 P2d 347; and *State v. Brown*, 5 Or 119.

Although ORS 138.060 restricts appeals by the state to judgments which were entered after demurrers were sustained, it uses the word "order" when it designates the type of ruling, concerning arrest of judgment, that the state may challenge on appeal.

Before the revision into Oregon Revised Statutes the provision of our laws which is now ORS 138.060 was § 26-1305 OCLA and read as follows:

"An appeal to the supreme court may be taken by the state from the judgment or order of the circuit court, in the following cases:

"(1) Upon a judgment for the defendant on a demurrer to the indictment;

"(2) Upon an order of the court arresting the judgment."

■ We quote the following from 24 CJS, Criminal Law § 1553, page 378.

"An order arresting judgment does not operate as an acquittal, except where no evidence has been shown sufficient to charge accused with any offense. Its effect is to set aside all proceedings previously had in the case or at least all proceedings subsequent to the error discovered so that ordinarily its legal effect is to place accused, as nearly as other and controlling rules of law will permit, in the same situation as he was before the indictment. Stated differently, the legal effect of arresting judgments is to vacate verdicts, judgments, or sentences of imprisonment on defective warrants, and also to vacate a plea of guilty. On entry of the order accused must be discharged, unless he is detained in custody by some other legal process or order, which it is in the power of the court to make."

The defendant does not claim that the court had no power to make the order which now detains him. We think that it is clear that the order which the notice of appeal seeks to challenge does not lack finality merely because it did not order the defendant's release.

The question remains as to whether the order which the state seeks to attack lacks finality merely because ORS 138.060 terms it an "order." We believe that the "order" is in the nature of a judgment.

*Commonwealth, Appellant v. Pflaum,* 48 Pa. Superior Ct. 370, reasoned:

"In Benjamin v. Armstrong, 2 S & R 392, Chief Justice Tilghman said: 'It has several times been decided by this court that a writ of error will lie on a judgment arrested; because the order to arrest the judgment is in the nature of a judgment; it makes an end of the controversy.' This was said in a civil case, but it is equally well settled that

the principle is applicable in criminal cases, and that for error in arresting judgment, after verdict of guilty, the commonwealth may remove the record for review * * *."

*Pillsbury Etc. Co. v. Walsh,* 60 Ind App 76, in ruling adversely to a respondent who contended that no appeal will lie from an order that arrests judgment, declared:

"It seems to be well settled, however, that such an order puts an end to the case in the court below, and is a disposition of the case from which an appeal will lie."

*Daugherty v. Midland Steel Co.,* 23 Ind App 78, in dealing with the same problem, said:

"The controversy was ended between the parties so far as the court below could do anything in this case to terminate it. The case had reached such an end in the court below that under the precedents and authorities in this State an appeal would lie."

See to the same effect *The State v. Foster,* 2 Mo 135, and *Benjamin v. Armstrong,* 2 Pa 391, in which it is stated:

"It has several times been decided by this court, that a writ of error will lie on a *judgment* arrested; because the order to arrest the judgment is in nature a judgment; it makes an end of all proceedings."

See also *People v. Lauman,* 210 P 421.

We take the following from 4 CJS, Appeal and Error, § 123, page 393:

"In some cases it has been held that a writ of error will lie at common law to an arrest of judgment, as the order to arrest is in the nature of a judgment and makes an end of all proceedings. In other jurisdictions, however, a judgment or order

granting a motion in arrest of judgment is not regarded as a final judgment, and an appeal or writ of error will not lie therefrom, unless it is allowed, as in some jurisdictions, by special statutory provisions or rule of court."

*Johnson et al v. Fernandez,* 79 Fla 508, and *Hershey Chocolate Co. v. Yates,* 196 Ala 657, are the only decisions which have come to our attention that held orders in arrest of judgment were not final. We think that the circumstances of each of those cases were special. They are not counterparts of the case before us.

It is our belief that the challenged order was final and in the nature of a judgment. It returned the case to the status which it possessed before the trial began and expunged the verdict.

The motion to dismiss the state's appeal is denied.

**ON THE MERITS**

*Jesse R. Himmelsbach, Jr.,* District Attorney, Baker, argued the cause and submitted a brief for appellant.

*Harold Banta,* Baker, argued the cause and submitted a brief for respondent.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, LUSK and DENECKE, Justices.

McALLISTER, C. J.

This is a criminal case in which a jury in Baker county found defendant guilty of the crime of perjury, for which, as an habitual criminal, he was given the enhanced penalty of life imprisonment. In a post-conviction proceeding in Marion county the circuit court found that the enhanced penalty was illegal and the defendant was returned to Baker county for the imposition of a lawful sentence. Upon his return to Baker county the defendant filed a motion in arrest of judgment which was allowed. The state appealed from the order arresting judgment. The defendant moved to dismiss this appeal on the ground that the

order in arrest of judgment was not an appealable order. The motion was denied in an opinion written by Mr. Justice ROSSMAN. See *State v. Cloran*, 233 Or 400, 374 P2d 748 (1962).

On December 19, 1958 the defendant was indicted in Baker county for the crime of perjury. Although defendant was represented by counsel, he did not demur or otherwise object to the form of the indictment. On March 10, 1959, after trial, a jury found defendant guilty of the crime charged. Before defendant was sentenced the district attorney for Baker county filed an information, pursuant to the statutes pertaining to habitual criminals, accusing the defendant of three prior felony convictions. A trial was had on the habitual criminal information and a jury found that defendant had been convicted previously of the three felonies described in the information. Because of his status as an habitual criminal a life sentence was imposed on defendant for the crime of perjury.

Defendant filed a notice of appeal from the life sentence of April 28, 1959, but did not prosecute the appeal and it was dismissed by this court on July 26, 1960.

While his appeal was still pending in this court defendant, who was then confined in the penitentiary in Marion county, on March 9, 1960 filed in the circuit court for that county a petition for a writ of habeas corpus. The habeas corpus proceeding was still pending on May 26, 1959 when the Post-Conviction Hearing Act (Ch 636, Oregon Laws 1959) became effective, and was converted into a proceeding under the new act pursuant to what is now ORS 138.510(4). In the post-conviction proceeding the circuit court for Marion county found that one of defendant's three prior con-

victions was for the crime of theft from interstate commerce and should not have been considered as a prior conviction within the meaning of the habitual criminal statutes in effect at the time of defendant's trial and sentence. Based on such finding the court vacated defendant's life sentence and remanded him to Baker county for further proceedings.

After his return to Baker county defendant filed a motion in arrest of judgment on the ground that the facts stated in the perjury indictment did not constitute a crime. On April 26, 1962 the court allowed the motion by an order which read in part as follows:

"* * * the facts stated in the indictment returned by the grand jury on December 19, 1958, and seeking to charge the defendant with the crime of perjury, do not constitute a crime, and it is therefore ordered that the jury's verdict dated March 10, 1959, purporting to find him guilty as charged in the indictment, is vacated and held for naught, and that no judgment be rendered thereon, and the said indictment is hereby in all things set aside and the defendant is restored to the same situation in which he was before the said indictment was found."

The defendant was recommitted to custody pursuant to ORS 136.830 to answer to a new indictment if one was found. The state did not resubmit the case to the grand jury but appealed to this court.

The question now before us is whether the setting aside in a post-conviction proceeding of an excessive sentence and the remanding of the prisoner for the imposition of a lawful sentence authorizes the court to which the prisoner is remanded to re-examine the proceedings prior to verdict, or whether the authority

of said court is limited only to the imposition of a lawful sentence.

A motion in arrest of judgment is authorized by ORS 136.810 for "either or both of the causes specified in subsections (1) and (4) of ORS 135.630, and not otherwise." The cause specified in subsection (4) of ORS 135.630 is that the facts stated in the indictment do not constitute a crime. That is the ground relied on by the defendant.

The statute permitting the filing of a motion in arrest of judgment provides that the motion must be filed "within the time allowed to file a motion for a new trial, and both such motions may be made together and heard and decided at once or separately, as the court directs." A motion for a new trial in a criminal action must be filed "within 10 days after the filing of the judgment." ORS 136.850 and ORS 17.615.

It is obvious from the foregoing that the motion in arrest of judgment in this case should have been filed within 10 days after the entry of the judgment on April 28, 1959. No such motion was filed, nor was the sufficiency of the indictment challenged on the appeal which was abandoned after a notice of appeal was filed.

■ To permit the filing of a motion in arrest of judgment when the case was remanded for the imposition of a lawful sentence would in effect give the defendant a delayed appeal. If defendant can file a motion in arrest of judgment, he can also file a motion for a new trial on the ground that error was committed in the admission of evidence or in the instructions to the jury. Such a result would be repugnant to both

the spirit and letter of our post-conviction procedure act, which is designed not to give a delayed appeal but to provide a remedy for any denial of constitutional rights or to correct an excessive sentence.

■ We think our decisions in *Landreth v. Gladden,* 213 Or 205, 324 P2d 475 (1958), *Cannon v. Gladden,* 203 Or 629, 281 P2d 233 (1955), and *Gordon Sayre Little v. Gladden,* 202 Or 16, 273 P2d 443 (1954) are highly persuasive, if not controlling. Each of those cases was a habeas corpus proceeding in which it was found that an excessive or defective sentence had been imposed. In each case the prisoner was remanded to the lower court in which he had been convicted for the imposition of a lawful sentence. In each case it was held that the invalidity of the sentence did not impair the validity of the proceedings prior to sentence.

We hold that the authority of the circuit court for Baker county was limited upon the remand to the imposition of a lawful sentence upon defendant. The order in arrest of judgment is reversed and the case remanded to the circuit court for Baker county with instructions to impose upon defendant a lawful sentence for the crime of perjury of which he was found guilty.

**ON PETITION FOR REHEARING**

Submitted on respondent's petition for rehearing.

Harold Banta, Baker, for the petitioner.

McALLISTER, C. J.

The defendant has filed a petition for rehearing, complaining because we did not decide whether the indictment states facts sufficient to constitute a crime, which defendant described as "the fundamental issue in this case." Defendant fails to grasp the effect of our opinion. We thought we had made it clear that whether the facts stated in the indictment constituted a crime is no longer open to inquiry in this case. The sufficiency of the facts stated in the indictment could have been raised by demurrer, by motion in arrest of judgment, or by appeal. The defendant did not demur to the indictment, did not file a motion in arrest of judgment within ten days after the entry of judgment,[1] and failed to perfect an appeal. Defendant made no direct attack upon the judgment of conviction.

---

[1] April 28, 1959.

■ The only attack made by defendant upon his judgment of conviction was in a collateral proceeding—initiated by a petition for a writ of habeas corpus and converted into a proceeding under the Post-Conviction Hearing Act (ch 636 Oregon Laws 1959). The law is well settled that the failure of the indictment to allege facts sufficient to constitute a crime cannot be raised in a habeas corpus proceeding. *Smallman v. Gladden,* 206 Or 262, 273, 291 P2d 749 (1955); *Hills v. Pierce,* 113 Or 386, 396, 231 P 652 (1924); *Knewel v. Egan,* 268 US 442, 45 S Ct 522, 69 L Ed 1036 (1925); *Dimmick v. Tompkins,* 194 US 540, 24 S Ct 780, 48 L Ed 1110 (1904); *Roth v. United States,* 295 F2d 364 (8th Cir 1961); 25 Am Jur, *Habeas Corpus* 175 § 43. In *Hills v. Pierce,* supra, at 113 Or 396, the court said:

"It is settled by abundant authority that although the indictment under which a prisoner is held in custody is defective in that it fails to state the facts constituting the crime, yet he is not entitled to his discharge upon *habeas corpus* if enough appear upon the face of the indictment to charge him with the crime. See note, 100 Am. St. Rep. 35; 12 R.C.L., p. 1190; see, also, authorities in note, 87 Am. St. Rep. 170."

The above rule is applicable to a proceeding under our Post-Conviction Hearing Act, which, like habeas corpus, is a collateral attack on the judgment. See *Brooks v. Gladden,* 226 Or 191, 358 P2d 1055 (1961), cert. denied 366 US 974, 81 S Ct 1942, 6 L Ed2d 1263; *State v. D'Onofrio,* 221 Md 20, 155 A2d 643 (1959); Collins and Neil, *The Oregon Postconviction-Hearing Act,* 39 Ore L Rev 337, 363. The rule above referred to has been applied to a post-conviction proceeding under the Maryland act. *Wilson v. Warden of the Maryland Penitentiary,* 222 Md 580, 158 A2d 103 (1960), cert. denied 364 US 841, 81 S Ct 79, 5 L Ed2d

65. Nevertheless, defendant in his post-conviction proceeding did challenge the sufficiency of the indictment, and the circuit court for Marion county found against him. Whether that judgment constitutes an additional bar to any further challenge of the indictment we need not consider at this time.

The action of the circuit court for Marion county in vacating the life sentence imposed on defendant did not affect the status of defendant's case, except to authorize the imposition of a lawful sentence. The vacation of the sentence did not authorize the circuit court for Baker county to re-examine the sufficiency of the facts stated in the indictment, or any proceedings prior to verdict. The authority of the circuit court for Baker county is limited upon remand to the imposition of a lawful sentence upon defendant.

The petition for rehearing is denied.