Argued March 3, affirmed April 22, petition for
rehearing denied May 12, 1964

# FOUNTS *v.* GLADDEN

391 P. 2d 629

*David F. Lentz,* Eugene, argued the cause and filed
a brief for appellant.

*C. L. Marsters,* Assistant Attorney General, Salem,

argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Goodwin and Denecke, Justices.

McALLISTER, C. J.

This is a post-conviction proceeding brought by the petitioner, Richard E. Founts, pursuant to ORS 138.510 to 138.680. The trial court sustained a demurrer to the petition and dismissed the proceeding. Petitioner appeals.

It appears that Founts was initially sentenced on June 25, 1958 by the circuit court for Lane county to a term in the penitentiary of not to exceed 15 years. Thereafter Founts filed a post-conviction proceeding in the circuit court for Marion county, in which that court found that the 15-year sentence imposed on Founts in Lane county was in excess of the sentence authorized by law for the crime of assault with a dangerous weapon of which petitioner was convicted. The court ordered that Founts be returned to Lane county for the imposition of a new sentence.

The order was entered on December 5, 1961, and the portions thereof pertinent to this proceeding read as follows:

"IT HEREBY IS ORDERED AND ADJUDGED by the court that Richard Eugene Founts, petitioner herein, be returned to Lane County, Oregon, for resentence in conformity with the rulings and findings of this court;

"IT HEREBY IS FURTHER ORDERED AND ADJUDGED by the court that the Sheriff of Lane

County, Oregon, has thirty (30) days from and after the date of this judgment in which to take petitioner into custody and return him to Lane County, Oregon for resentence, and in the event that petitioner is not so retaken by Lane County, Oregon, within the time herein specified, defendant is to release plaintiff from his custody;

"IT HEREBY IS FURTHER ORDERED AND ADJUDGED by the court that defendant is to retain petitioner in his custody in conformity with the foregoing and is to deliver plaintiff to the Sheriff of Lane County, Oregon, as herein provided; and   *   *   *   *   *"

More than 30 days after December 5, 1961 Founts was returned to Lane county, and on January 15, 1962 was sentenced to a term of not to exceed ten years, less the time served under the original sentence. Founts first appealed from the judgment imposing the new sentence, but upon stipulation of the parties the appeal was dismissed on February 26, 1962.

Thereafter in March, 1963 this proceeding was initiated to challenge the validity of the new ten-year sentence. Petitioner contends that after the 30 days allowed the sheriff to return petitioner to Lane county had expired, the Lane county circuit court had no jurisdiction to impose a new sentence, and that the sentence imposed was invalid.

■ This court has held in numerous cases that the imposition of a sentence in excess of the sentence authorized by law does not affect the validity "of the proceedings leading up to" the sentence, nor impair the right of the court to impose a valid sentence. *Gordon Sayre Little v. Gladden,* 202 Or 16, 22, 273 P2d 443 (1954); *Cannon v. Gladden,* 203 Or 629, 633, 281 P2d 233 (1955); *Landreth v. Gladden,* 213 Or 205, 222,

324 P2d 475 (1958); *State v. Cloran,* 233 Or 400, 412, 374 P2d 748, 377 P2d 911, 378 P2d 961 (1963). See also *Bryant v. State,* 233 Or 459, 460, 464, 378 P2d 951 (1963).

■ In *State v. Froembling,* 237 Or 616, 391 P2d 390, we held that a similar 30-day limitation in an order of the circuit court for Marion county in another post-conviction proceeding did not limit or impair the jurisdiction of the circuit court for Multnomah county to impose a new sentence after the 30-day period had expired. Our decision in *Froembling* is controlling here.

The judgment is affirmed.