Argued April 8, affirmed May 26, 1965

# BONNIE *v*. GLADDEN

402 P. 2d 237

*Lawrence A. Aschenbrenner,* Public Defender, Salem, argued the cause and filed briefs for appellant.

*C. L. Marsters,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL and DENECKE, Justices.

PERRY, J.

Petitioner Thomas William Bonnie was indicted, tried and convicted in the trial court of the crime of contributing to the delinquency of a minor. Thereafter he commenced this post-conviction proceeding, contending that the indictment under which he was charged failed to state a crime. The defendant filed a demurrer to his petition and the trial court sustained the demurrer. From the order sustaining the demurrer the petitioner has appealed.

The indictment reads as follows:

"THOMAS WILLIAM BONNIE is accused by the Grand Jury of the County of Multnomah and State of Oregon, by this indictment of the crime of CONTRIBUTING TO THE DELINQUENCY OF A MINOR committed as follows:

"The said THOMAS WILLIAM BONNIE on or about the 2nd day of July, A. D. 1963, in the County of Multnomah and State of Oregon, then and there being, and one Deborah LaRiviere then and there being an unmarried female child under the age of eighteen years, the said THOMAS WILLIAM BONNIE did then and there unlawfully, wilfully and feloniously do certain acts, to-wit, did then and there place his tongue inside the mouth of the said Deborah LaRiviere and did then and there place his face upon the lap of the said Deborah LaRiviere, which said acts did manifestly then and there tend to cause the said Deborah LaRiviere to become a delinquent child, contrary to the Statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

The basis of the petitioner's complaint is that both acts alleged in the indictment are in themselves innocent acts and, therefore, are insufficient to allege a crime.

The petitioner did not appeal from his conviction. His attack upon the indictment is raised under the provisions of ORS 138.510 et seq., generally referred to as the Post-Conviction Relief Act.

■ It is well settled that an attack upon the sufficiency of an indictment in a post-conviction proceeding is collateral and is governed by the same legal principles which have been by this court previously applied when the person incarcerated upon conviction of a crime attacks the sufficiency of the indictment by *habeas corpus. State v. Cloran,* 233 Or 400, 414, 374 P2d 748, 377 P2d 911, 378 P2d 961, 98 ALR2d 732.

■ In *Hills v. Pierce,* 113 Or 386, 231 P 652, and *Brooks v. Gladden,* 226 Or 191, 358 P2d 1055, this court noted that a collateral attack is not intended to afford the relief of direct proceedings granted by appellate review. See also *McNally v. Hill, Warden,* 293 US 131, 55 S Ct 24, 79 L Ed 238.

■ The inquiry to determine the sufficiency of an indictment in a collateral proceeding then is not governed by the rules of law applicable when its sufficiency is tested by a demurrer or motion to quash. The inquiry is directed to whether the indictment charges the accused with an offense made criminal by the laws of the state and whether the court in which the accused was tried had jurisdiction of the cause and person. *State v. Cloran,* supra, and cases cited therein.

■ The argument of the petitioner herein is addressed to the proposition that the acts of merely placing petitioner's tongue in the mouth of the girl, or as he expresses it "French kissing," and placing his face upon her lap are not in themselves acts which will manifestly tend to cause a minor girl to become a delinquent. Therefore, he draws the conclusion that

no crime is charged and the trial court was without jurisdiction.

The difficulty with petitioner's position is that the acts done may or may not be wrongful, depending upon the circumstances, a fact to be determined by a jury.

■ In *State v. Iverson,* 231 Or 15, 18, 371 P2d 672, we pointed out that under the contributing statute the state need allege only facts "which, if proven, would entitle a jury to find that the defendant had committed acts prejudicial to the welfare of the child in certain limited particulars." The duty would then rest upon the jury "to find that the acts committed induced or had a manifest tendency to induce the child to act in a manner which would bring the child within the definition of delinquency."

This court was therein pointing out that in the matter of questionable conduct, such as here presented, it was for the jury to determine whether the acts, under the circumstances, were or were not innocent of inducement toward delinquency, and a question of law was presented to the court as to whether the acts alleged to have been done were susceptible of causing the child to become a delinquent.

■ ORS 167.210 does not describe the particular acts which may tend to cause a child to become delinquent; it only describes the status of a child that is considered to be delinquent. Therefore, any act which may tend to cause a child to reach that status is condemned by the act. *State v. Stone,* 111 Or 227, 226 P 430.

■ ORS 419.476 defines under (c) as delinquent a child "whose behavior, condition or circumstances are such as to endanger his own welfare * * *." In this paragraph the legislature did not limit the word "wel-

fare" and it, therefore, clearly intended to include therein moral conduct. Therefore, any act which would tend to cause a minor child to commit an immoral act is an offense.

The petitioner argues that "French kissing" is not an immoral act since it does not inevitably lead to sexual indulgence. On the other hand, the defendant argues that this act is of such a character as to indicate a tendency to presuade the child to commit an immoral act.

Certainly the thrust of the statute under which the petitioner was convicted is to protect minor girls from those who would persuade them into leading dissolute, lewd or immoral lives.

■ In our opinion, the acts alleged are such that fair-minded people could find that they would tend to persuade the girl to commit an immoral act. There is no clear showing by the petitioner that the indictment shows on its face a want of criminality which would render the proceedings in the trial court in which the petitioner was convicted void. *Ex Parte Siebold,* 100 US 371, 25 L Ed 717.

The judgment is affirmed.