Thomas William **BONNIE**, Appellant,

v.

Clarence T. **GLADDEN**, Warden,
Appellee.

No. 21454.

United States Court of Appeals
Ninth Circuit.

Aug. 8, 1968.

Rehearing Denied Oct. 10, 1968.

Howard R. Lonergan (argued), Portland, Or., for appellant.

David H. Blunt (argued), Asst. Atty. Gen., Robert Y. Thornton, Atty. Gen., Salem, Or., for appellee.

Before BROWNING, DUNIWAY and ELY, Circuit Judges.

PER CURIAM:

Thomas William Bonnie was convicted and sentenced under the Oregon Contribution to Delinquency Statute O.R.S. 167.210. His petition for a writ of habeas corpus in federal district court was denied. While his appeal was pending in this court, Bonnie completed his sentence and was discharged from confinement without condition or restriction. Relying on Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1963), this court remanded the case to the district court to vacate the order appealed from and dismiss the application for habeas corpus because Bonnie was no longer "in custody" as required by 28 U.S.C. § 2241. Bonnie v. Gladden, 377 F.2d 555 (9th Cir. 1967). Subsequently the Supreme Court overruled Parker v. Ellis in Carafas v. LaVallee, 391 U.S.

234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), and remanded this case for further consideration in light of that decision. Bonnie v. Gladden, 391 U.S. 605, 88 S.Ct. 1866, 20 L.Ed.2d 846 (1968).

Oregon's Contribution to Delinquency Statutes, O.R.S. 167.210 and 419.476(1) (c), punish any act which may tend to cause a person under eighteen to become a child "whose behavior, condition or circumstances are such as to endanger his own welfare * * *." O.R.S. 419.476(1) (c). See Bonnie v. Gladden, 240 Or. 462, 402 P.2d 237 (1965).

The district court held that the validity of O.R.S. 167.210 was to be determined upon the particular facts of the case. See United States v. National Dairy Prod. Corp., 372 U.S. 29, 36, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963). However, there was no transcript of the state trial before the district court, and the indictment merely alleged that Bonnie had placed "his tongue inside the mouth" of the child and had placed "his face upon the lap" of the child. The district court relied on facts pertaining to this case which appeared in a probation report submitted in a different proceeding.

This was improper. There is no assurance that the facts appearing in the probation report were adduced at the trial. Furthermore, the probation report does not reveal whether the state court judge, sitting as the trier of fact, applied legally fixed standards in judging appellant's conduct. Cf. Giaccio v. State of Pennsylvania, 382 U.S. 399, 403, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966); United States v. L. Cohen Grocery Co., 255 U.S. 81, 87, 41 S.Ct. 298, 65 L.Ed. 516, 14 A.L.R. 1045 (1921).

"[T]he power of inquiry on federal habeas corpus is plenary." Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963). "A District Court sitting in habeas corpus clearly has the power to compel production of the complete state-court record." Id. at 319, 83 S.Ct. at 760.

We think the district court should have exercised this power here.

The case is therefore remanded to the district court with instructions to vacate the judgment, order the production of the transcript of the state criminal trial and such other state court records as required or as either party may wish to present, and redetermine the case in the light of the record thus supplemented. The district court may, under the standards set forth in Townsend v. Sain, supra, receive other material evidence, but this decision does not necessarily require that the court do so.