492 P.2d 747

**STATE of Arizona, Appellee,**

v.

**John HIXSON, Appellant.**

**No. I CA–CR 358.**

Court of Appeals of Arizona,
Division 1.

Jan. 17, 1972.

Rehearing Denied Feb. 25, 1972.

Review Denied April 18, 1972.

Gary K. Nelson, Atty. Gen., by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee; William Koscska, Third Year Law Student, College of Law, University of Ariz., of counsel.

Otto H. Linsenmeyer and Frank E. Dickey, Jr., Phoenix, for appellant.

HATHAWAY, Judge.

The defendant was charged by direct information with the crime of contributing to the delinquency of a minor. The information alleged that on or about June 2, 1970, the defendant by wrongful and improper acts and conduct, wilfully and unlawfully encouraged and contributed to the delinquency of a named female child of 13 years, hereinafter referred to as C., all in violation of A.R.S. §§ 13–821, 13–822. It further alleged that the defendant's acts tended to debase and injure the morals, health and welfare of the said minor female.

The defendant filed a "combined motion," the essence of which was a request for discovery of certain matters in the hands of the prosecutor. The motion indicated that the requested materials were necessary for preparation of the defense. The minute entry of the hearing on this motion recites:

"'Mr. Dickey has asked for a Bill of Particulars and, after discussion, the State has agreed that they will limit themselves to the contents of the file which includes departmental reports by the Maricopa County Sheriff's Office, and statements by the parties involved, to wit: John Hixson, Alex Ramirez or Alex Hernandez [the names of C, and two other female minors were also included], and this shall constitute the evidence upon which the State is presenting these charges.'

Mr. Dickey advises 'It is agreed by counsel for the Defendant that the State's file, as it presently exists, may be submitted in lieu of the Bill of Particulars and that defense counsel rely on the contents of the file as being the evidence

to constitute the particulars to be offered at trial.'"

The defendant subsequently filed a motion to quash on the ground that the evidence, as indicated in the prosecutor's file, would be insufficient to establish a prima facie case of contributing to the delinquency of a minor, or to establish the offense beyond a reasonable doubt. The court, after being furnished with copies of the police report and witness' statements, denied the motion to quash. At the commencement of the trial, the defendant renewed his motion to quash and made a motion in limine to restrict the testimony of the state's witnesses to the acts alleged in the information as supplemented by the bill of particulars. The court denied the motion to quash and granted the motion in limine. The case was tried to a jury which returned a guilty verdict. This appeal followed.

The defendant attacks his conviction on various grounds. He contends that A.R.S. § 13–822, when the facts of this case are applied to it, becomes unconstitutionally vague and indefinite. He argues that the alleged misconduct consisted of kissing, touching and providing the minor female with a cigarette and the statute fails to give notice that kissing, touching and offering a cigarette constitute acts which tend to injure or debase the health, morals and welfare of a child. The constitutionality of A.R.S. § 13–822 has already been considered by the Arizona Supreme Court in Brockmueller v. State, 86 Ariz. 82, 340 P.2d 992 (1959) wherein the contention was made that the statute fails to prescribe the conduct which is prohibited. The court stated:

"The Arizona statutes prohibit only the causing or encouraging of acts which have the effect of injuring the morals, health or welfare of a child. Such statutes have a long history of common-law interpretation which renders sufficiently clear and meaningful language which might otherwise be vague and uncertain. * * * We hold that the Arizona stat-

utes are sufficiently certain and definite to apprise men of ordinary intelligence of the conduct which the statute prohibits." 86 Ariz. at 84, 340 P.2d at 994.

Concededly a myriad of acts might satisfy the statutory definition of "delinquency:"

"'Delinquency' means any act which tends to debase or injure the morals, health or welfare of a child." A.R.S. § 13–821, subsec. C.

Although we agree that kissing per se may not tend to debase or injure the morals of a child; it is not necessary that the statutory definition of "delinquency" delineate the various and numerous acts which might tend to have bad effects. We have held that when the information and the bill of particulars fail to state the offense of contributing to the delinquency of a minor, a motion to quash must be granted. State v. Cutshaw, 7 Ariz.App. 210, 437 P.2d 962 (1968). The *Cutshaw* holding is not apposite here since the acts alleged are such that fair-minded people could find that they would tend to persuade the 13 year old girl to commit an immoral act. In other words, whether or not, under the particular circumstances, the act falls within the statutory prohibition is a question for the trier of fact. Bonnie v. Gladden, 240 Or. 462, 402 P.2d 237 (1965).

The defendant also contends that the trial court erred in refusing to direct a verdict for the reason that, as a matter of law, his conduct did not have the effect of injuring the morals, health or welfare of *this* child.

Briefly, the record reflects the following. The defendant, a 29 year old police officer, took his children, C. and her two minor sisters, and Alex Ramirez to a drive-in movie. The defendant at that time was separated from his wife. At the drive-in movie, he sat in the front seat with C. while Alex and the sisters occupied the back seat. The defendant's two small children alternated between the front seat and the back seat. At the conclusion of the movie, the defendant took one sister and

his children to his wife's home and proceeded to Estrella Mountain Park where they parked the car. Both couples, Alex and C.'s sister in the back seat and the defendant and C. in the front seat, proceeded to "make out."

The defendant admitted French-kissing C. numerous times for approximately a half hour and putting his hand on her leg. She testified that his arms were around her and did not remain stationary during the kissing episode, that the defendant gave her a cigarette and that they were lying down together on the front seat of the car. The evidence also reflects that the defendant knew that C. had previously had sexual intercourse and that he was disappointed on the evening in question because she was having her menstrual period.

The thrust of defendant's attack on the sufficiency of the evidence is that the minor's morals were such that they could not be debased or injured by his conduct. Suffice it to say that the child's morals are not an issue in the case, State v. Simpson, 254 Iowa 637, 118 N.W.2d 606 (1962), and the protection of the statute extends to willing participants in the act which forms the basis of the charge. State v. Shields, 81 S.D. 184, 132 N.W.2d 384 (1965); Commonwealth v. Dulacy, 204 Pa.Super. 163, 203 A.2d 587 (1964). The fact that C. had previously indulged in French-kissing and fornication was immaterial—the state was not required to prove that her morals were *more* impaired by the defendant's conduct. State v. Raymond, 74 N.J.Super. 434, 181 A.2d 515 (1962). Actually, the defendant is arguing that C. already was a delinquent child and therefore he could not be guilty of contributing to her delinquency. A similar argument was advanced and rejected in the case of State v. Caputo, 202 Or. 456, 274 P.2d 798 (1954). The court therein stated:

"To become a delinquent child is not analogous to becoming a member of a lodge or of the I.W.W. (Citation omitted). Having joined a lodge, we suppose one could not become more a member,

but one may become a more delinquent child." 274 P.2d at 802.

A.R.S. § 13–821 evinces a legislative intent to protect children against predatory adults. As stated in State v. Stone, 111 Or. 227, 226 P. 430, 433 (1924):

> "The arts of seduction are so variant and insidious, especially when applied to different individuals, that it is impossible, as a matter of law, to lay down any rule on the subject of what will or will not invariably tend to produce delinquency in all minors. An act which might lure one child into the paths of sin might prove repulsive and abhorrent to another, working out an exactly opposite effect."

 We find no error in the trial court's refusal to direct a verdict of acquittal since the question of whether or not "French-kissing" would cause or contribute to C.'s delinquency was properly left to the jury. Bonnie v. Gladden, supra.

 The defendant complains of two instructions given by the trial court. As to one, he argues that the court should have instructed the jury that a requisite element of the offense is the intent to debase the health, morals or welfare of the child. We summarily reject defendant's argument, since proof of a specific intent to cause the child to become a delinquent is not required. State v. Hoffman, 236 Or. 98, 385 P.2d 741 (1963).

 Complaint is also made regarding the "accomplice" instruction. Assuming arguendo the defendant is correct, in view of his admissions concerning his conduct, it was clearly harmless beyond a reasonable doubt and could not possibly have influenced the verdict. Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L. Ed.2d 705 (1967).

The defendant has belatedly raised a question in his reply brief as to another instruction which we decline to consider as it does not rise to the dignity of "fundamental error" so as to obviate the need for a timely objection in the trial court.

Judgment affirmed.

HOWARD and STEVENS, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E, Judge HENRY S. STEVENS sitting for Judge HERBERT F. KRUCKER.