340 P.2d 992

William BROCKMUELLER, Appellant,

v.

STATE of Arizona, Appellee.

No. 1131.

Supreme Court of Arizona.

June 17, 1959.

Rehearing Denied July 14, 1959.

"Q. And then just what happened? Anybody else talking to you about taking them? A. Well, Bill said that it wasn't really bad.

"Q. Now, was he referring to the taking of the nude pictures? A. Yes.

"Q. You are speaking of Mr. Brockmuller [sic]? I wonder if you'd refer to him as Mr. Brockmuller [sic], Bill Brockmuller, so we can get the whole name here? A. All right.

"Q. Then, Patsy, you did take some nude pictures? A. Yes."

A.R.S. § 13–822, states as follows:

"A person who by any act, * * * encourages * * * delinquency of a child, as defined by § 13–821, * * * is guilty of a misdemeanor."

A.R.S. § 13–821, Subsection C, defines "delinquency" as:

" * * * any act which tends to debase or injure the morals, health or welfare of a child."

These two sections, taken together, serve to prohibit the encouragement of any act which tends to debase or injure the morals, health or welfare of a child.

Appellant's argument, that the statute is not violated unless the "encouragement" is so pronounced as to constitute an "aiding or abetting", has no application in this case. The evidence shows that appellant participated directly in encouraging the commission of the acts in question. This

William Rogers, Jr., and Charlie W. Clark, Phoenix, for appellant.

Robert Morrison, Atty. Gen. of Arizona, Charles C. Stidham, Maricopa County Atty., Phoenix, for appellee.

STRUCKMEYER, Justice.

Appellant appeals from a conviction for contributing to the delinquency of a minor, a violation of A.R.S. § 13–822.

The gist of appellant's first two assignments of error is the insufficiency of the evidence to show any conduct on his part which constitutes a violation of the statute. As indicated by the bill of particulars, the specific charge against him was that he actively urged one Patsy ——, a seventeen-year-old girl, to allow certain motion pictures to be taken of her in the nude. Appellant argues that the evidence was insufficient to show such an urging or encouraging on his part. The record, however, indicates to the contrary.

All the events in question took place at a home in Phoenix, Arizona. The victim of the offense testified:

is all that the statute requires. Appellant's first two assignments of error are not well taken.

■ Appellant's third assignment of error is that the conviction is void, since the statute under which it was obtained is violative of the due process clause of the Fourteenth Amendment to the Constitution of the United States, for the reason that the statute fails to establish a standard of guilt and fails to prescribe the conduct which is prohibited. Appellant argues that a conviction could be obtained for the doing of any act which might, at the moment, be in accordance with the notions of a judge or juries as to what was injurious to the morals, health, or welfare of a child. This argument was repudiated in Loveland v. State, 53 Ariz. 131, 86 P.2d 942, wherein we held that the sections above quoted were not violative of the Constitution of the State of Arizona. However, appellant argues that the more recent cause of Musser v. State of Utah, 333 U.S. 95, 68 S.Ct. 397, 92 L.Ed. 562, is authority for the proposition that this statute is violative of the Fourteenth Amendment to the Constitution of the United States. We do not agree. In the Musser case, the statute in question was completely dissimilar to the statute here involved.[1]

It is of a type sometimes called "contra bonos mores", prohibiting the commission of any act detrimental to the public interest. The difference in scope is apparent. The Arizona statutes prohibit only the causing or encouraging of acts which have the effect of injuring the morals, health or welfare of a child. Such statutes have a long history of common-law interpretation which renders sufficiently clear and meaningful language which might otherwise be vague and uncertain.

■ Even in criminal statutes, the language adopted need not afford an interpretation approaching mathematical certainty. People v. Deibert, 117 Cal.App.2d 410, 256 P.2d 355. We hold that the Arizona statutes are sufficiently certain and definite to apprise men of ordinary intelligence of the conduct which the statute prohibits. Cf. State v. Roessler, 58 N.M. 102, 266 P.2d 351.

■ Appellant's fourth assignment of error is unsupported by argument in the brief, and hence will be considered as having been abandoned.

The judgment is affirmed.

PHELPS, C. J., and UDALL, JOHNSON and BERNSTEIN, JJ., concur.

1. Utah Code Ann.1943, § 103–11–1(5): To commit any act injurious to the public health, to public morals, or to trade or commerce, or for the perversion or obstruction of justice or the due administration of the laws;—they are punishable by imprisonment in the county jail not exceeding one year, or by fine not exceeding $1,000.