IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

**STATE OF ARIZONA,**
*Appellee,*

*v.*

**BAYRON PEREZ AGUEDA,**
*Appellant.*

No. CR-21-0097-PR
Filed August 4, 2022

Appeal from the Superior Court in Maricopa County
The Honorable George H. Foster, Judge
No. CR2018-112053-001

Opinion of the Court of Appeals, Division One
250 Ariz. 504 (App. 2021)
**VACATED AND REMANDED**

COUNSEL:

Mark Brnovich, Arizona Attorney General, Linley Wilson, Deputy Solicitor
General/Section Chief of Criminal Appeals, Joshua C. Smith (argued),
Assistant Attorney General, Criminal Appeals Section, Phoenix, Attorneys
for State of Arizona

James J. Haas, Maricopa County Public Defender, Mikel Steinfeld (argued),
Deputy Public Defender, Phoenix, Attorneys for Bayron Perez Agueda

JUSTICE BEENE authored the Opinion of the Court, in which CHIEF JUSTICE BRUTINEL, VICE CHIEF JUSTICE TIMMER, and JUSTICES BOLICK, LOPEZ, KING, and PELANDER (RETIRED)* joined.

---

JUSTICE BEENE, Opinion of the Court:

**¶1**　　　　Bayron Perez Agueda was convicted of two counts of sexual conduct with a minor under age fifteen and other charges. Here, we consider whether contributing to the delinquency of a minor, A.R.S. § 13-3613, is a lesser-included offense of sexual conduct with a minor, A.R.S. § 13-1405. Because the former contains elements not found in the latter, we hold that it is not.

## BACKGROUND

**¶2**　　　　In 2014, Agueda met the victim, Maya.[1] At the time, Agueda was twenty-seven years old, and Maya was thirteen or fourteen years old. When Maya was fourteen, Agueda and Maya engaged in at least one act of sexual intercourse. In July 2015, Maya gave birth. Agueda was listed as the father on the birth certificate, and DNA testing confirmed his paternity. When Maya was fifteen years old, she moved into an apartment with Agueda. They lived together for one year until Maya moved out in July 2017.

**¶3**　　　　After Maya moved out, her mother argued with Agueda over custody of the baby. Maya's mother contacted the police, and a sex-crimes investigation was initiated. A detective interviewed Agueda, and during the interview Agueda admitted that he had sex with Maya. He claimed

---

*　　　　Justice William G. Montgomery recused himself from this matter. Pursuant to article 6, section 3 of the Arizona Constitution, the Honorable Justice John Pelander (Ret.) was designated to sit in this matter.

[1]　　　　We refer to the victim, who was a minor when the crimes were committed, by a pseudonym to protect her identity.

Maya became pregnant at fourteen years old because of a single act of sexual intercourse. Agueda also maintained that he did not have sex with Maya again until she was fifteen years old.

**¶4**        The State charged Agueda with two counts of sexual conduct with a minor under the age of fifteen, and two counts of sexual conduct with a minor age fifteen or older.[2] § 13-1405(A)–(B). As relevant here, Count 5 charged Agueda with committing sexual conduct with a minor against Maya when she was fourteen years old.

**¶5**        At trial, Maya testified that when she was fourteen, she and Agueda began going out, holding hands, and kissing. She also testified that they started having sex when she was fourteen and had sex more than once before discovering she was pregnant.

**¶6**        Agueda also testified. He claimed that Maya became pregnant after the only time they had sex when she was fourteen. Agueda testified that Maya moved in with him after their baby's birth, and they continued their sexual relationship while living together.

**¶7**        Agueda requested a jury instruction on contributing to the delinquency of a minor as a lesser-included offense of sexual conduct with a minor under age fifteen. The trial court denied the request.

**¶8**        The jury found Agueda guilty on all counts relating to Maya. He was subsequently sentenced to a lengthy prison term.

**¶9**        Agueda appealed. The court of appeals held that contributing to the delinquency of a minor was a lesser-included offense of sexual conduct with a minor under age fifteen. *State v. Agueda*, 250 Ariz. 504, 506 ¶ 1 (App. 2021). Accordingly, the court vacated Agueda's conviction on Count 5. *Id.* at 510 ¶ 24.

---

[2]     The State charged Agueda with other crimes relating to Maya's sister that are not relevant to this appeal.

**¶10** We granted review to determine whether contributing to the delinquency of a minor is a lesser-included offense of sexual conduct with a minor, an issue of statewide importance. We have jurisdiction under article 6, section 5(3) of the Arizona Constitution.

**DISCUSSION**

**¶11** "An instruction on an offense other than that charged is proper if the offense is included within the charged offense and the evidence supports giving the instruction." *State v. Lua*, 237 Ariz. 301, 303 ¶ 5 (2015); *see also* Ariz. R. Crim. P. 21.4(a)(1) (requiring court to submit verdict forms for "all offenses necessarily included in the offense charged"). Whether one offense is included within another offense is an issue of statutory construction, which we review de novo. *State v. Geeslin*, 223 Ariz. 553, 555 ¶ 9 (2010).

**¶12** Under Arizona law, "[a] lesser-included offense is one 'composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the crime charged without having committed the lesser one.'" *Lua*, 237 Ariz. at 303 ¶ 7 (quoting *State v. Celaya*, 135 Ariz. 248, 251 (1983)); *see also State v. Garcia*, 235 Ariz. 627, 629–30 ¶ 6 (App. 2014) ("[T]he greater offense must require each element of the lesser offense plus one or more additional elements not required by the lesser offense."), *overruled on other grounds by State v. Carter*, 249 Ariz. 312 (2020). This principle was recently discussed in *Carter*, where this Court reiterated that "[a]n offense is 'lesser included' when the 'greater offense cannot be committed without necessarily committing the lesser offense,'" and we confirmed that courts should use *Blockburger*'s same-elements test when conducting this analysis. *See id.* at 315–16 ¶¶ 9–10 (quoting *State v. Wall*, 212 Ariz. 1, 3 ¶ 14 (2006)) ("A necessarily included offense for jury instruction purposes must be a lesser-included offense under *Blockburger*'s same-elements test."); *see Blockburger v. United States*, 284 U.S. 299, 304 (1932). And the same-elements test asks "whether each provision requires proof of a fact which the other does not." *Id.* at 315 ¶ 9 (quoting *Blockburger*, 284 U.S. at 304).

**¶13** The court of appeals correctly identified *Blockburger*'s same-elements test as the appropriate standard in determining whether an offense is lesser included but failed to apply it. *Agueda*, 250 Ariz. at 508–09 ¶¶ 15–19. Instead of employing the same-elements test, the court reasoned that, because child molestation is a lesser-included offense of sexual conduct with a minor, *see State v. Ortega*, 220 Ariz. 320, 328 ¶ 25 (App. 2008), and contributing to a minor's delinquency is a lesser-included offense of molestation, *see State v. Sutton*, 104 Ariz. 317, 318–19 (1969), "[i]t logically follows that contributing to the delinquency of a minor is a lesser-included offense of sexual conduct with a minor under 15." *Agueda*, 250 Ariz. at 508 ¶ 16. Although the court of appeals' syllogism appears correct based on *Sutton*, which the court of appeals is bound to follow, *see McKay v. Indus. Comm'n*, 103 Ariz. 191, 192–93 (1968), a closer examination of *Sutton* reveals that its conclusion does not comport with Arizona law. Because *Sutton* was indispensable to the court's decision below, we begin our analysis with that case.

**¶14** In *Sutton*, the defendant was convicted of child molestation, A.R.S. § 13-653 (1965).[3] 104 Ariz. at 318. At trial, Sutton asked the court to instruct the jury that contributing to the delinquency of a minor is a lesser-included offense of child molestation. *Id*. The trial court's refusal to give the instruction was the sole issue raised on appeal. *Id*.

**¶15** After quoting the statutory definitions for "contributing to the delinquency of a minor" and "delinquency," the *Sutton* court devoted a single sentence to analyze the statutes and concluded "contributing to the delinquency of a minor is a lesser included offense of child molesting, since a person who molests a child necessarily performs an act which 'tends to debase or injure the morals, health or welfare of a child.'" 104 Ariz. at 318–19 (quoting A.R.S. § 13-821).[4] A more comprehensive review of these statutes shows that *Sutton*'s analysis is incorrect.

---

[3] After *Sutton* was decided, the legislature renumbered the statute as A.R.S. § 13-1410. *See* 1977 Ariz. Sess. Laws ch. 142, § 66 (1st Reg. Sess.).

[4] The legislature later renumbered the statute as A.R.S. § 13-3612. *See* 1977 Ariz. Sess. Laws ch. 142, § 99 (1st Reg. Sess.).

**¶16** A person is guilty of contributing to the delinquency of a minor when a person "by any act, causes, encourages or contributes to the . . . delinquency of a child, as defined by § 13-3612." § 13-3613(A). And § 13-3612(1) defines "delinquency" as "any act that tends to debase or injure the morals, health or welfare of a child."

**¶17** Reading the statutes together and in context makes clear that *Sutton* misconstrued the elements for contributing to the delinquency of a minor by failing to recognize that "delinquency of a minor" in § 13-3613 refers to an act or anticipated act *committed by the minor*. The *Sutton* court incorrectly considered whether the defendant's act alone tended to debase or injure the morals, health, or welfare of a child, rather than whether it caused, contributed to, or encouraged a child to engage in delinquency. *See Sutton*, 104 Ariz. at 319 ("[A] person who molests a child necessarily performs an act which tends to debase or injure the morals, health or welfare of a child." (internal citation and quotation marks omitted)). Because the delinquency is "of a child," the definition of "delinquency" in § 13-3612(1) necessarily refers to an act by a child and the offense in § 13-3613 punishes those who cause, contribute to, or encourage children to act in a way tending to debase or injure their morals, health, or welfare.

**¶18** This interpretation finds support in *Brockmueller v. State*, where this Court determined that the offense and definition of delinquency "taken together, serve to prohibit the encouragement of any act which tends to debase or injure the morals, health or welfare of a child." 86 Ariz. 82, 83 (1959). In *Brockmueller*, the defendant's "act" was encouraging a seventeen-year-old "to allow certain motion pictures to be taken of her in the nude." *Id*. The victim went ahead with the pictures without the defendant's assistance or participation. *See id*. This Court determined that encouraging the victim's "act" was sufficient to violate the statute for contributing to the delinquency of a minor. *Id*. at 83–84; *see also Loveland v. State*, 53 Ariz. 131, 137 (1939) ("[U]nder the plain language of [§§ 13-3612 and -3613] it is no longer necessary to allege or prove that the child was a delinquent person . . . but that it is sufficient . . . to allege and prove simply that the accused caused, encouraged or contributed to some 'act which tends to

debase or injure the morals, health or welfare of a child.'" (quoting 1933 Ariz. Sess. Laws ch. 91, § 1(c) (Reg. Sess.))).

**¶19** The statutory interpretation employed in *Brockmueller* gives effect to both statutes, §§ 13-3612 and -3613. *See State v. Francis*, 243 Ariz. 434, 435 ¶ 6 (2018) ("As this case involves the intersection of multiple statutes, we construe them together, seeking to give meaning to all provisions." (internal citation omitted)). If "act" in the definition of "delinquency" referred to the defendant's act, rather than the child's, this interpretation would make the word "act" in § 13-3613(A) superfluous, *see Nicaise v. Sundaram*, 245 Ariz. 566, 568 ¶ 11 (2019) ("A cardinal principle of statutory interpretation is to give meaning, if possible, to every word and provision so that no word or provision is rendered superfluous."), because a person would not "encourage" his or her own act to debase or injure the morals, health, or welfare of a child. Additionally, interpreting "act" in § 13-3612(1) as the child's act aligns with the "dependency" portion of the offense, which references the child's actions in doing things like begging, hanging out with criminals, and other bad influences. *See* A.R.S. §§ 13-3612(3), -3618 (providing that the delinquency and dependency laws here are intended to protect the child from, among other things, "the effects of the improper conduct, *acts or bad example of any person* which may be calculated to cause, encourage or contribute to, the dependency or delinquency of children" (emphasis added)).

**¶20** Because *Sutton*'s statutory interpretation was conclusory, clearly wrong, and would make contributing to the delinquency of a minor a lesser-included offense of virtually every crime in which a child was the victim, *Sutton* is overruled. "Generally, the doctrine of stare decisis cautions us against overruling former decisions." *E.H. v. Slayton*, 249 Ariz. 248, 254 ¶ 13 (2020). However, our decision to overrule *Sutton* does not offend the principles underlying stare decisis. "[T]he degree of adherence demanded by a prior judicial decision depends upon its merits, and it may be abandoned if the reasons for it have ceased to exist or if it was clearly erroneous or manifestly wrong." *Lowing v. Allstate Ins.*, 176 Ariz. 101, 107 (1993).

¶21 As previously shown, *supra* ¶¶ 17–19, *Sutton*'s statutory analysis regarding the elements of contributing to a minor's delinquency is manifestly incorrect and frustrates the statutes' focus to protect children from the improper conduct of others. *See* § 13-3618. Also, in discarding *Sutton*, we return to *Brockmueller*'s interpretation which is better supported and reasoned. Although we do not casually overrule our prior precedent, continued adherence to *Sutton* is no longer justified.

¶22 Turning to the issue presented in this case—whether contributing to the delinquency of a minor is a lesser-included offense of sexual conduct with a minor—we must determine under the same-elements test whether the greater offense requires proof of a fact which the lesser offense does not. *Carter*, 249 Ariz. at 315–16 ¶¶ 9–10.

¶23 As previously noted, a person commits contributing to the delinquency of a minor when a person "by any act, causes, encourages or contributes to the . . . delinquency of a child." § 13-3613(A). A person commits sexual conduct with a minor under fifteen by "intentionally or knowingly engaging in sexual intercourse . . . with any person who . . . is under fifteen years of age." § 13-1405(A)–(B).

¶24 Applying *Blockburger*'s same-elements test, along with the statutory analysis regarding "contributing to the delinquency of a minor" and "delinquency," *supra* ¶¶ 17–19, we conclude that contributing to a minor's delinquency is not a lesser-included offense of sexual conduct with a minor. A child's act or anticipated act, which is an element of contributing to the delinquency of a minor, is not an element of sexual conduct with a minor. Put another way, sexual conduct with a minor and contributing to the delinquency of a minor each require proof of elements that the other does not. Thus, it is possible to commit the greater offense, sexual conduct with a minor, without committing the lesser offense, contributing to the delinquency of a minor. *Carter*, 249 Ariz. at 316 ¶ 10. Accordingly, contributing to the delinquency of a minor is not a lesser-included offense of sexual conduct with a minor, and the trial court did not err by refusing to give the lesser-included instruction.

**CONCLUSION**

**¶25** Because contributing to the delinquency of a minor is not a lesser-included offense of sexual conduct with a minor, we vacate the court of appeals' opinion. We remand to the court of appeals so it may consider whether the trial court committed prejudicial error by failing to correctly answer a juror question, an issue that the court of appeals did not address. *Agueda*, 250 Ariz. at 507 ¶ 11 & n.3.